UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WESLEY WILLIAMS,<br><br>            Plaintiff,<br><br>       v.<br><br>C. BELL, et al.,<br><br>            Defendants. | Case No.: 1:16-cv-01584-SAB (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND ORDER DIRECTING PAYMENT OF INMATE FILING FEE BY CALIFORNIA DEPARTMENT OF CORRECTIONS<br><br>[ECF No. 2] |

   Plaintiff John Wesley Williams is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

   Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]  If a plaintiff has three strikes under § 1915(g), he may still proceed in forma pauperis if he can show that

---

[1] The court takes judicial notice of the following cases: Williams v. Narramore, No. CV 03-1972 UA-AJW (C.D. Cal. July 25, 2003) (civil rights action dismissed for failure to state a claim upon which relief may be granted); (2) Williams v. Bonzer, No. CV 04-8941 UA-AJW (C.D. Cal. Nov. 22, 2004) (same); (3) Williams v. Hubbard, et al., No. CV 10-1717 UA-FFM (C.D. Cal. July 6, 2010) (same); (4) Williams v. Young, No. 2:08-cv-1737 FCD-CMK-P (E.D. Cal. July 29, 2010) (same); and (5) Williams v. Harrington, et.al., No. 1:09-cv-01823 GSA-PC (E.D. Cal. May 25, 2012) (same).

1

he was in imminent danger at the time of filing his complaint. <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1053 (9th Cir. 2007). The "imminent danger" exception "applies if the complaint makes a plausible allegation that the prisoner faced imminent physical danger at the time of filing" the complaint. Id. at 1055. Thus, to meet the imminent danger exception, the threat or prison condition must be real and proximate, <u>Ciarpaglini v. Saini</u>, 352 F.3d 328, 330 (7th Cir. 2003), and the danger of serious physical injury must exist at the time the complaint is filed. <u>Malik v. McGinnis</u>, 293 F.3d 559, 562-563 (2d Cir. 2002); <u>Andrews</u>, 493 F.3d at 1053.

In the instant complaint, Plaintiff alleges that Defendants C. Bell, S. Harris, R. Fischer, and Douglas have denied him placement in a proper medical treatment facility/program for his psychiatric "cutting" disorder because they do not want Plaintiff providing enhanced outpatient (EOP) reports to attorneys for the EOP. Plaintiff's allegations are sufficient to meet the "imminent danger of serious physical injury" exception under § 1915(g), and Plaintiff shall be granted in forma pauperis status. <u>See, e.g.</u>, <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1055, 1056-1057 (9th Cir. 2007) ("[A] prisoner who alleges that prison officials continue with a practice that has injured him or others similarly situated in the past will satisfy the 'ongoing danger' standard and meet the imminence prong of the three-strikes exception."). However, Plaintiff is obligated to make monthly payments in the amount of twenty percent of the proceeding month's income credited to Plaintiff's trust account. The California Department of Corrections and Rehabilitation is required to send to the Clerk of the Court payments from Plaintiff's account each time the amount in the account exceeds $10.00, until the statutory filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

In accordance with the above and good cause appearing therefore, it is HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis is GRANTED;
2. The Director of the California Department of Corrections and Rehabilitation or his designee shall collect payments from Plaintiff's prison trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the prisoner's trust account and shall forward those payments to the Clerk of the Court each time the amount in the account exceeds $10.00, in accordance with 28 U.S.C. § 1915(b)(2), until

a total of $350.00 has been collected and forwarded to the Clerk of the Court. The payments shall be clearly identified by the name and case number assigned to this action.

3. The Clerk of the Court is directed to serve a copy of this order and a copy of Plaintiff's in forma pauperis application on the Director of the California Department of Corrections and Rehabilitations, via the court's electronic case filing system (CM/ECF).

4. The Clerk of Court is directed to serve a copy of this order on the Financial Department, U.S. District Court, Eastern District of California, Fresno Division.

5. Within sixty (60) days of the date of service of this order, Plaintiff shall submit a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of the complaint, if Plaintiff has not already done so.

IT IS SO ORDERED.

Dated:   **March 30, 2017**

UNITED STATES MAGISTRATE JUDGE