# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

JOHN WESLEY WILLIAMS, ) Case No. 1:16-cv-01584-AWI-SAB (PC)
)
    Plaintiff, )
) FINDINGS AND RECOMMENDATION
v. ) REGARDING PLAINTIFF'S MOTION FOR
) PRELIMINARY INJUNCTION AND/OR
C. BELL, et al., ) TEMPORARY RESTRAINING ORDER
)
    Defendants. ) [ECF No. 10]
)
)

    Plaintiff John Wesley Williams is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

    Currently before the Court is Plaintiff's motion for a preliminary injunction and/or temporary restraining order, filed June 26, 2017. Defendants filed an opposition on August 4, 2017.

**I.**

**DISCUSSION**

**A.    Legal Standard**

    The legal principles applicable to requests for injunctive relief, such as a preliminary injunction or temporary restraining are well established. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008)

1

(citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted). In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

**B.  Analysis**

Plaintiff seeks a court order directing Defendants to provide him proper treatment to treat Plaintiff's "cutting disorder" and to prevent the retaliatory denial of such treatment. Plaintiff is proceeding against Defendants Bell, Douglas, Fischer, and Harrison for a violation of the Eighth Amendment for failing to place him in a level of mental health care that is adequate to treat his cutting disorder.

1.  Likelihood of Success on the Merits

In this case, the Court finds that Plaintiff has failed to demonstrate the likelihood (as opposed to the possibility) of irreparable harm absent a preliminary injunction. In his motion, Plaintiff contends that his "likelihood [sic] of winning a final judgment…is so well established as to be unquestionable." (Mot. at 12, ECF No. 10.) In support of his motion, Plaintiff attached his own declaration, various mental health records, and numerous letters dating back to 2012 between himself and attorneys in the Coleman v. Brown class action. (Id. at 17-50.) Plaintiff has not provided sufficient evidence to support the conclusion that, absent some form of preliminary injunctive relief, Plaintiff will in fact harm himself or suffer some other form of irreparable injury. Indeed, Plaintiff acknowledges that medical treatment has been provided and a recommendation for mental health placement has been made. Plaintiff's declaration merely restates his own belief that he is being denied proper mental health treatment. However, the fact that Plaintiff disagrees with or believes his treatment is inadequate is not a sufficient basis to warrant a preliminary injunction. Indeed, Plaintiff's mental health records demonstrate that he is able to exert a degree of control over his cutting behavior, which belies his claim that he requires a higher level of care to prevent him from cutting and injuring himself. More specifically, Psychologist Christina Rizea noted in Plaintiff's Psychology Discharge Summary form, dated March 8, 2016, that: "[Plaintiff] discovered that the act of cutting was exciting

2

to him and made him feel emotional relief. Prior to cutting, [Plaintiff] acknowledged receiving excitement from exposing himself. However, he learned that he could receive the same benefits from cutting and simultaneously not earn [Rules Violation Reports]." (Mot. at 26-27.) In addition, Plaintiff's letter correspondence to the Coleman attorneys, merely demonstrates that he provided information to them, and there is no showing that Defendants were aware of the confidential attorney-client communications or that Defendants' conduct was related to or motivated by the communications. Accordingly, at this juncture, Plaintiff has failed to demonstrate a likelihood of success on the merits to warrant issuance of a preliminary injunction. See, e.g., Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984) ("A preliminary injunction … is not a preliminary adjudication on the merits but rather a device for preserving the status quo and preventing the irreparable loss of right before judgment.")

       2.      <u>Irreparable Harm</u>

A party seeking an injunction is required to show injury in fact (a concrete harm that is actual or imminent), causation, and redressability. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992); Hodgers-Durgin v. de la Vina, 199 F.3d 1037, 1044 (9th Cir. 1999). Establishing a risk of irreparable harm in the indefinite future is not enough. Rather, the harm must be shown to be imminent. Midgett v. Tri-County Metro. Transp. Dist. of Oregon, 254 F.3d 846, 850-51 (9th Cir. 2001). Speculative and conclusory allegations are insufficient to warrant injunctive relief and do not constitute irreparable injury. Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988).

In this instance, Plaintiff contends that he has a "cutting" disorder which he cannot control. However, as discussed above, the documents in the record do not support Plaintiff's claim. Furthermore, Plaintiff's mental health records demonstrate that he can control his cutting disorder and express opinion that his "cutting" is conducted for secondary gain. On July 18, 2017, Plaintiff was examined by a staff psychiatrist who opined that Plaintiff was able to resist the urge to cut. (Walsh Decl. ¶ 6, ECF No. 14; Ex. B at AGO.142.)[1] The psychiatrist further noted that Plaintiff's

---

[1] Doctor Joseph Walsh is the Chief of Mental Health at California State Prison-Corcoran. (Walsh Decl. ¶ 1.)

"presentation suggests either paranoid ideation and guarded behavior or non-cooperative for secondary gain (EOP placement)." (Id.) Most importantly, the psychiatrist noted that Plaintiff "is not a risk to himself or others at this time." (Id.) In addition, on February 27, 2017, Dr. Gutknecht noted that Plaintiff "has managed to avoid cutting himself despite refusing mental health appointments indicating he is using some type of effective coping strategy … IP appears to be attempting to get the attention of a different clinician in order to resume manipulation attempts to gain a higher level of care … There is no clinical evidence for high level of care, at this time." (Walsh Decl. ¶ 7; Ex. A at AGO.125.) Plaintiff was seen by Dr. Amajoyl on January 27, 2017, and February 9, 2017, and both times both stated that he had "no interest to cut himself." (Walsh Decl. ¶ 8; Ex. A at AGO.126-127.) Furthermore, Plaintiff's records from March to August 2016 (when Plaintiff was housed at a different institution) demonstrate that he was able to control his cutting behavior and that he was not a danger to himself. (Walsh Decl. ¶¶ 9-12.) After review of Plaintiff's mental health records, Dr. Walsh opined that Plaintiff "is currently receiving appropriate mental health care treatment at the [Correctional Clinical Case Management System] (CCCMS) level." (Id. ¶ 13.) Dr. Walsh also noted that Plaintiff "has regular access to and visits with mental health treatment professionals, which allow for ample opportunities to evaluate and re-evaluate any need for a higher level of care." (Id.) Based on the mental health records, Plaintiff has failed to establish a likelihood of irreparable injury.

### 3. Balance of Equities

Plaintiff contends that "the Defendants, CDCR, or AD's R. Diaz and S. Alfaro have no legitimate reason for impeding on or denying Plaintiff proper, adequate, or competent treatment for cutting disorder save for preventing Plaintiff from report and complaint to MHSDS attorneys RBGG concerning issues which violate the Coleman and Hecker injunctions thus, there is no harm to the adverse party." (Mot. at 11.) Plaintiff contention is not supported by his mental health records, and there is insufficient evidence to find the balance of equities tips in his favor.

### 4. Public Interest in Granting Preliminary Injunction

Plaintiff submits that it is always in the public interest for prison officials to obey the law. Although Plaintiff may be correct, the record before the Court does not justify the Court's interference with the determinations of institutional mental health care providers opinions in the proper level of

treatment provided. Thus, the Court defers to the prison staffs' experience and judgment regarding prison administration.

        5.        <u>Preliminary Injunction Against Non-Party Individuals</u>

Plaintiff also seeks relief, in part, against individuals who are not a party to this action. However, the Court is unable to issue an order against individuals who are not parties to a suit pending before it. <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 395 U.S. 100, 112 (1969).

**IV.**

**CONCLUSION AND RECOMMENDATION**

Plaintiff has not met his burden of proving that he is likely to succeed on the merits. Nor has Plaintiff shown that he will suffer irreparable harm in the absence of injunctive relief. Plaintiff has also not demonstrated that the balance of equities tips in his favor, or that an injunction is in the public interest. Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for a preliminary injunction be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 10, 2017**

                                                 UNITED STATES MAGISTRATE JUDGE