UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WESLEY WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>C. BELL, et al.,<br><br>Defendants. | Case No. 1:16-cv-01584-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR IMPOSITION OF SANCTIONS AGAINST DEFENDANTS<br><br>[ECF Nos. 45, 48] |

Plaintiff John Wesley Williams is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

On July 12, 2018, and July 16, 2018, Plaintiff filed identical motions for the imposition of sanctions against Defendants. (ECF Nos. 45, 48.) Plaintiff seeks sanctions against Defendants have refused to respond to his informal discovery requests in order to prepare for the settlement conference scheduled for July 18, 2018, at 9:30 a.m. before United States Magistrate Judge Barbara A. McAuliffe. (ECF No. 48.)

The Court construes Plaintiff's request for sanctions for Defendants' alleged failure to comply with discovery requests pursuant to Rule 37 of the Federal Rules of Civil Procedure, which "authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." Wyle v. R.J.

1

Reynolds Indus., Inc., 709 F.2d 585, 589 (9th Cir. 1983); see also Fed. R. Civ. P. 41(b); Local Rule 110.

"Sanctions may be warranted under Federal Rule of Civil Procedure 37(b)(2) for failure to obey a discovery order as long as the established issue bears a reasonable relationship to the subject of discovery that was frustrated by sanctionable conduct." Navellier v. Sletten, 262 F.3d 923, 947 (9th Cir. 2001). Under Rule 37(b)(2), subsections (A) through (C), sanctions are "appropriate only in 'extreme circumstances' and where the violation is 'due to willfulness, bad faith, or fault of the party.'" Fair Housing of Marin v. Combs, 285 F.3d 899, 905 (9th Cir. 2002).

On April 4, 2018, the Court referred this case to post-screening alternative dispute resolution, stayed the action for 120 days, and set a settlement conference before United States Magistrate Judge Barbara A. McAuliffe on July 18, 2018, at 9:30 a.m. (ECF No. 37.) In that order, the parties were advised that formal discovery was stayed, but the parties were free to engage in informal discovery to prepare for the settlement conference. (Id.)

Here, Plaintiff contends that he sought emails sent and received by Defendants during the relevant time frame regarding primary care clinician Dr. Amajoyi's recommendations and Defendants responses thereto. More specifically that Defendants: "(1) explicitly instructed Plaintiff not to be referred for higher level of mental care despite Dr. Amajoyi recommendation; (2) explicitly instructed that Plaintiff be held at a lower level of mental health care at CSPC until this lawsuit resolved; and (3) explicitly instructed that no facts of the above be recorded in Plaintiff's medical file notes and that such facts only be recorded and/or discussed by email to restrict Plaintiff's access or disclose." (Mot. at 3:5-17, ECF No. 48.)

Plaintiff has failed to meet his burden in demonstrating that imposition of sanctions is warranted in this instance. There is nothing before the Court that to demonstrate that the alleged misconduct by Defendants in failing to disclose the above information is relevant or has affected Plaintiff's ability to efficiently participate in the settlement conference set for Wednesday, July 18, 2018. Nor has Plaintiff demonstrated that the discovery sought is nonprivileged matter that is relevant

///

///

to his claims.   Fed R. Civ. P. 26(b)(1).  Accordingly, Plaintiff's motion for imposition of sanctions against Defendants is denied.

IT IS SO ORDERED.

Dated:   **July 17, 2018**

_____
UNITED STATES MAGISTRATE JUDGE