UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WESLEY WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>C. BELL, et al.,<br><br>    Defendants. | Case No. 1:16-cv-01584-LJO-SAB (PC)<br><br>ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL, AND GRANTING REQUESTS TO EXTEND THE DISCOVERY AND DISPOSITIVE MOTION DEADLINES<br><br>[ECF Nos. 59, 68, 69] |

Plaintiff John Wesley Williams is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to compel, Plaintiff's objections to the Court's November 26, 2018 order, and Defendants' request to modify the scheduling order.

**I.**

**RELEVANT BACKGROUND**

This action is proceeding against Defendants C. Bell, S. Harris, R. Fischer, and Douglas for deliberate indifference to a serious medical need in violation of the Eighth Amendment.

On March 28, 2018, Defendants filed an answer to the complaint. (ECF No. 35.)

On March 29, 2018, the Court issued the discovery and scheduling order. (ECF No. 36.) The deadline for completion of all discovery is December 28, 2018. (ECF No. 51.)

As previously stated, on November 7, 2018, Plaintiff filed a motion to compel. (ECF No. 59.) On November 28, 2018, Defendants filed an opposition. Plaintiff did not file a reply.

On November 26, 2018, the Court granted Defendants' request for an extension of time to respond to Plaintiff's outstanding discovery requests. (ECF No. 65.) On December 10, 2018, Plaintiff filed objections to the November 26, 2018, order. (ECF No. 67.)

On December 14, 2018, Defendants filed a motion to modify the scheduling order. (ECF No. 69.)

## II.

## LEGAL STANDARD

Plaintiff is proceeding pro se and he is a civil detainee challenging his conditions of confinement. As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 36, Discovery and Scheduling Order, ¶4. Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to

risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

///

///

# III.

# DISCUSSION

**A.    Motion to Compel**

Plaintiff seeks further responses to nine interrogatories and one request for production of documents directed to Defendants Fischer, Harris, and Bell.  Each request will be addressed separately below.

Defendants argue that they properly objected and responded to each of Plaintiff's discovery requests.

An interrogatory may relate to any matter that may be inquired into under Rule 26(b), and an interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact.  Fed. R. Civ. P. 33(a)(2) (quotation marks omitted).  Parties are obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4); Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981).  The responding party shall use common sense and reason. Collins v. Wal-Mart Stores, Inc., No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008).  A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made.  Gorrell v. Sneath, 292 F.R.D. 629, 632 (E.D. Cal. 2013); L.H. v. Schwarzenegger, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007).  Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction.  Fed. R. Civ. P. 26(e)(1)(A).

1.    Defendant Fisher

**a.    Interrogatory Number One:** "In the First Level Response to 602-HC log # COR-HC-17062034, which you partially granted on May 23, 2017, and attached at Exhibit 'A' herein, in regard to your contention that 'you have been able to address most of your mental health issues at these sessions,' please state all, or any, mental health issues that the referenced 'sessions' were not able to address."

**Defendant's Response to Interrogatory Number One:** Defendant objects to this request on the grounds it is vague, irrelevant, lacks foundation, assumes facts, calls for speculation, and the document speaks for itself.[1] Without waiving these objections, Defendants responds as follows: Defendant did not draft the First Level Response, which was drafted by Dr. Amajoyi. Defendant counter-signed the response as Dr. Amajoyi's supervisor. Accordingly, Defendant does not know which mental health issues Plaintiff was or was not able to address during sessions with his Primary Clinician Dr. Amajoyi.

**Analysis and Ruling:** Plaintiff's motion to compel must be denied. Plaintiff argues that Defendant Fischer's responses are defective because they are "evasive" and "incomplete" and Fischer "plead ignorance to information that is from sources within his control." (Mot. at 5, ECF No. 59.) In appeal log # COR-HC-17062034, Plaintiff requested a higher level of care (DSH or EOP), weekly one-on-ones, and weekly group schedule (5) days a week. (Defs' Opp'n, Ex. A, ECF No. 66.) Plaintiff was interviewed by his primary clinician Dr. Amajoyi regarding the appeal. (Id.) In responding to the appeal, Defendant Fischer relied upon information that was provided to him by Dr. Amajoyi. (Id.) The response noted that Plaintiff was seen by Dr. Amajoyi on 05/11/2017, 04/12/2017, 04/13/2017, 03/09/2017, 02/19/2017, and 01/27/2017, and he responded well to treatment. (Id.) The response further stated that "you [Plaintiff] have been able to address most of your mental health issues at these sessions." (Id.) It was determined that CCCMS level of care was appropriate for Plaintiff at that time based on Plaintiff's mental health symptoms, the Program Guide, and Diagnostic criteria. (Id.) Therefore, Plaintiff's appeal was partially granted at the first level of review, and the response was signed by Dr. Amajoyi and counter-signed by Defendant Fischer, who is a Senior Psychologist, Supervisor. (Id.)

---

[1] Counsel is admonished that "document speaks for itself" is not a recognized objection. While often used in court and sometimes sustained by courts, the objection is not a proper objection, especially in a discovery dispute. The "objection" is one posed after a document is admitted into evidence at a trial/hearing and is often confused with the best evidence rule, a rule of pre-admissibility. This Court routinely overrules this objection because reading or citation to the document, after admissibility, is a form of publishing, while reading pre-admission may be hearsay or other forms of proper objection, but not that the document speaks for itself. This objection should be avoided in the future and instead the answer to the interrogatory should direct the requestor to where in the document the response lies.

5

Defendant Fisher argues that he properly responded because he did not know what issues were or were not addressed during sessions with Plaintiff's primary clinician Dr. Amajoyi. Defendant Fischer submits that he was not present at the sessions, and he did not draft the 602 appeal response, which was drafted by Dr. Amajoyi. Defendant further objected as to relevance because: (1) the specifics about which mental health issues were or were not addressed is not relevant because the import is that most of his mental health issues were addressed; (2) the mental health sessions with Dr. Amajoyi took place in 2017, after Plaintiff filed the instant action in October 2016, and Plaintiff fails to explain how information that took place after the alleged violations at issue here would support his claim against Defendants; and (3) Dr. Amajoyi is not a Defendant in this case, and the information as to what issues were addressed during Plaintiff's contacts with him are not relevant. The appeal response provides the dates of Plaintiff's visits with Dr. Amajoyi, and Plaintiff's mental health records would indicate what issues were or were not addressed. Thus, not only was Plaintiff present at such visits, he has access to his mental health records.

Accordingly, there is no basis to compel a further response to Interrogatory Number One.

**b.** **Interrogatory Number Three:** "Please explain the basis for plaintiff being offered a therapy group in response to 602-HC log # COR-HC-17062034 at Exhibit 'A' hereto."

**Defendant's Response to Interrogatory Number Three:** Defendant objects to this request on the grounds it is vague, irrelevant, lacks foundation, assumes facts, calls for speculation, and the document speaks for itself. Without waiving these objections, Defendant responds as follows: Defendant did not make the decision to offer Plaintiff a therapy group. Therefore, Defendant does not know the basis for the decision.

**Analysis and Ruling:** Plaintiff's motion to compel must be denied. As with interrogatory number one, Plaintiff seeks information regarding a determination that was not made by Defendant Fischer. Nor does Plaintiff explain what specific information he is seeking from this interrogatory or how it is relevant to his claims. Indeed, it is clear from the appeal response itself that Plaintiff requested weekly group, and that was offered to him. (Defs.' Opp'n, Ex. A.) Furthermore, the decision to offer Plaintiff group based on this appeal response was done after Plaintiff filed the instant

action, and is not within the timeframe of Plaintiff's claims. Accordingly, Plaintiff's motion to compel is denied.

///

    **c.**     **Interrogatory Number Four:** "Please state the basis for denying plaintiff's request to receive the mental health treatment recommended by DSH (Department State Hospital) in response to 602-HC log # COR-HC-17062034 attached at Exhibit 'B' herein."

    **Defendant's Response to Interrogatory Number Four:** Defendant objects to this request on the grounds it is vague as to time and subject matter, argumentative, an incomplete hypothetical, assumes facts (that DSH made a recommendation regarding Plaintiff's mental health treatment), lacks foundation, irrelevant, calls for speculation, compound, and the document speaks for itself. Without waiving these objections, Defendants respond as follows: As stated in the First Level response, Plaintiff's request to receive mental health treatment at a higher level of care was denied because it was determined that CCCMS level of care was the appropriate level of care for Plaintiff at that time based on his mental health symptoms, the Program Guide, and diagnostic criteria. Defendant is unable to speak to decisions made at the second or third levels of review.

    **Analysis and Ruling:** Plaintiff's motion to compel must be denied. Plaintiff argues that he "simply sought information on reason why treatments recommended by Department State Hospital (DSH) mental health care officials to deter Plaintiff's urge to cut in self harm was not adhere [sic] or provided." (Mot. at 6, ECF No. 59.) Defendant objected on the grounds that the interrogatory assumes the fact that DSH made a recommendation regarding Plaintiff's mental health treatment. However, the 602 appeal response does not refer to treatment recommended by DSH. Defendant properly submits that he cannot respond to this interrogatory without further information. Accordingly, Plaintiff's motion to compel is denied.

    2.     <u>Defendant Harris</u>

    a.     **Interrogatory Number One**: "In your second level response to CDCR-602-HC log # Cor-HC-16061128, at Exhibit 'A' herein which state "you have been meeting with Dr. Gutknecht on 3A facility and he has agreed to meet with you weekly, instead of every 90 days, to provide additional

counseling service[.]" Please explain and provide all knowledge you have [and] the reason(s) for providing weekly counseling service as oppose to once every 90 days."

**Defendant's Response to Interrogatory Number One:** Defendant objects to this request on the grounds it is vague, irrelevant, lacks foundation, assumes facts, calls for speculation, and the document speaks for itself. Without waiving these objections, Defendant responds as follows: Defendant did not draft the Second Level Response, which was drafted by Dr. Fischer. Defendant counter-signed the response as Dr. Fischer's Supervisor. Defendant did not make the determination to provide Plaintiff with weekly counseling as opposed to once every 90 days and, therefore, does not know the exact reason or reasons for the determination.

**Analysis and Ruling:** Plaintiff's motion to compel must be denied. Plaintiff argues that Defendant Harris's response to interrogatory number is defective because he "plead ignorance to the signing of inmate grievance log # COR-HC-16061128, as well as information relative thereto, despite the fact that the information sought comes from sources within Defendant's control." However, in inmate grievance log # COR-HC-16061128, Plaintiff requested EOP level of care due to imminent danger (cutting self). (Defs.' Opp'n, Ex. B.) The second level appeal response informs Plaintiff that he has "been meeting with Dr. Gutknecht on 3A facility and he has agreed to meet with you weekly, instead of every 90 days, to provide additional counseling services." (Id.) Defendant Dr. Harris, as the Chief Psychologist, co-signed the second level response, informing Plaintiff of the decision. Plaintiff has not shown how the fact that he was offered additional counseling services is relevant to show that Defendant Harris was deliberately indifference to his mental health needs. Rather, the purpose of this appeal was to inform Plaintiff that his request to receive mental health treatment at the EOP level was denied, and the reasons why. The fact that Dr. Gutknecht agreed to meet with Plaintiff weekly, instead of every 90 days, to provide additional counseling services was one of the factors considered in denying Plaintiff's request. Accordingly, Plaintiff's motion to compel is denied.

b. **Interrogatory Number Three:** "In regards to your second level response to CDCR 602-HC-log # SAC-HC-16033045 at Exhibit 'B' herein, was the decision to provide plaintiff weekly counseling services as oppose to once every 90 days implemented by IDTT into plaintiff's treatment plan."

8

**Defendant's Response to Interrogatory Number Three:** Defendant objects to this request on the grounds it is vague, irrelevant, lacks foundation, assumes facts, and calls for speculation. Without waiving these objections, Defendant responds as follows: Defendant does not know that Plaintiff means by was the decision "implemented by IDTT into plaintiff's treatment plan." However, the IDTT (or Interdisciplinary Treatment Team) likely would have supported the decision.

**Analysis and Ruling:** Plaintiff's motion to compel must be denied. Plaintiff argues that Defendant Harris's response to interrogatory number three is defective because "he plead ignorance to the signing of inmate grievance log # COR-HC-16061128, as well as information relative thereto, despite the fact that the information sought comes from sources within Defendant's control." (Mot. at 7, ECF No. 59.) Defendant's objection as vague has merit. Plaintiff fails to explain what he meant by the decision "implemented into plaintiff's treatment plan," and Defendant cannot be expected to provide a response without further elaboration by Plaintiff. Accordingly, Plaintiff's motion to compel is denied.

    **c.**    **Interrogatory Number Six:** "During the time you were in position to make decision over plaintiff's mental health care and treatments did plaintiff ever have three or more crisis care admissions defined by the MHSDS program guide in a 90 day period."

**Defendant's Response to Interrogatory Number Six:** Defendant objects to this request on the grounds it is vague and overbroad, vague as to time, irrelevant, assumes facts, lacks foundation, and unduly burdensome. Without a more specific timeframe, Defendant is unable to answer this request.

**Analysis and Ruling:** Defendant Harris objected to this request on the grounds that it is vague as to time and responded accordingly that he is unable to respond without a more specific timeframe. Plaintiff in his motion to compel did not specify a period of time that is more specific than "during the time [Defendant was] in a position to make decisions over Plaintiff's mental health care and treatments." In his motion to compel, Plaintiff indicates that he seeks an answer to whether he had three or more crisis care admissions during the times relevant to this action. (Mot. at 8, ECF No. 59.) However, it is not entirely clear the specific timeframe relevant to this action, and Plaintiff must clarify in order for Defendant Harris to provide a response.

3. <u>Defendant Bell</u>

**a. Interrogatory Number One:** "Please explain the basis in concluding that staff did not violate CDCR policy in response to 602-HC log # COR-SC-16002225 at <u>Exhibit "A" herein</u>."

**Defendant's Response to Interrogatory Number One:** Defendant objects to this request on the grounds that the request is vague, irrelevant, and lacks foundation. The document also speaks for itself. To the extent Plaintiff is requesting details of the appeal inquiry, Plaintiff was informed via the second level response that "ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE. As such, the details of any inquiry will not be shared." The appeal inquiry is protected from disclosure by regulation. *See* Cal. Code of Regs. tit. 15, § 3084.9(i)(3)(B)(1) ("This [appeal inquiry report] is strictly confidential to all inmates and staff except those involved in the inquiry process or litigation involving the department."); *see also* CDCR Department Operations Manual § 54100.25.2 (outlining confidential staff complaint appeal inquiry process). Without waiving these objections, other than what is already stated in the appeal responses, Defendant does not have further non-confidential information responsive to this request.

**Analysis and Ruling:** Plaintiff's motion to compel shall be denied. Defendant's objections that the request is vague is sustained and the information within the document provides a sufficient response to this interrogatory. Accordingly, Plaintiff's motion to compel a further response is denied.

**b. Interrogatory Number Two:** "State all facts which would establish that the appeal inquiry in 602-HC log # COR-SC-16002225 <u>at Exhibit 'A' herein</u> adequately addressed all issues therein."

**Defendant's Response to Interrogatory Number Two:** Defendant objects to this request on the grounds that the request is vague, irrelevant, and lacks foundation. The document also speaks for itself. To the extent Plaintiff is requesting details of the appeal inquiry, Plaintiff was informed via the second level response that "ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE. As such, the details of any inquiry will not be shared." The appeal inquiry is protected from disclosure by regulation. *See* Cal. Code of Regs. tit. 15, § 3084.9(i)(3)(B)(1) ("This [appeal inquiry report] is strictly confidential to all inmates and staff except those involved in the inquiry process or litigation involving the department."); *see also* CDCR Department Operations Manual §

54100.25.2 (outlining confidential staff complaint appeal inquiry process). Without waiving these objections, other than what is already stated in the appeal responses, Defendant does not have further non-confidential information responsive to this request.

**Analysis and Ruling:** Plaintiff's motion to compel shall be denied. Defendant's objections that the request is vague is sustained and the information within the document provides a sufficient response to this interrogatory. Accordingly, Plaintiff's motion to compel a further response is denied.

  **c.**   **Interrogatory Number Four:** "Please explain why recommendations made by Department State Hospital (DSH) Stockton Treatment Team noted in plaintiff's DSH discharge summary records were not adhere by you or your subordinates during the times that the deprivations are claimed in this lawsuit."

**Defendant's Response to Interrogatory Number Four:** Defendant objects to this request on the grounds it is vague as to time and subject matter, argumentative, assumes facts, lacks foundation, calls for speculation, and compound. Without a clearer request, Defendant is unable to respond.

**Analysis and Ruling:** Plaintiff's motion to compel must be denied. Defendant Bell properly objected to the request on the grounds that is assumes facts and is vague. Plaintiff's motion to compel does not set forth any argument as to the objections of Defendant Bell's response to this interrogatory. (Mot. at 8-10, ECF No. 59.) However, Defendant submits a supplement response indicating that if Plaintiff is referring to the DSH Stockton Discharge Summary, dated March 8, 2016,[2] Defendant Bell does not know why these recommendations were or were not adhered to, because Plaintiff was discharged from DSH to California State Prison-Sacramento (SAC). Defendant Bell, who is the CEO of Medical at California State Prison-Corcoran (COR), the location of the alleged events in this action, further submits that she does not know why staff at SAC did or did not adhere to recommendations made in another institution. Moreover, the recommendations were made six months before Plaintiff arrived at COR (in September 2016), and determinations regarding treatment vary depending on a

---

[2] Plaintiff attached this document to a motion for preliminary injunction filed on June 26, 2017, ECF No. 10 at 26-28.

1 patient's mental health at the time of treatment.[3]  Accordingly, Plaintiff's motion to compel a further response is denied.

      **b.**      **Request for Production of Documents (Set One) Number One:** "All documents which would show staff complaint appeal inquiry in 602-HC COR-SC-16002225."

      **Defendant's Response to Request for Production Number One:** Defendant objects to this request on the grounds that it is vague and ambiguous and calls for confidential information.  To the extent Plaintiff is requesting the appeal inquiry or details of the appeal inquiry, Plaintiff was informed via the second level response that "ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE.  As such, the details of any inquiry will not be shared."  The appeal inquiry is protected from disclosure of regulation.  *See* Cal. Code Regs. tit. 15, § 3084.9(i)(3)(B)(1) "This [appeal inquiry report] is strictly confidential to all inmates and staff except those involved in the inquiry process or litigation involving the department."); *see also* CDCR Department Operations Manual § 54100.25.2 (outlining confidential staff complaint appeal inquiry process).  Without waiving these objections, Defendant does not have any non-confidential responsive documents in her possession, custody, or control.  *See* Attached Privilege Log.[4]

      While Defendant initially objected that this request was vague, ambiguous and calls for confidential information, based on a full reading of the objections and opposition to the instant motion to compel, it appears Defendant's objection is limited to the confidential nature of the appeal inquiry.  Defendant requests that if the Court intends to order Defendant to produce the confidential appeal inquiry, it be subject to in camera review for the Court to determine whether disclosure is outweighed by the potential risk to institutional safety and security.  If disclosure is warranted, Defendant further requests that the identify of any inmate witness or non-party correctional officer be redacted and a protective order be issued.  Defendant produced a privilege log which identifies the responsive document as "Confidential Appeal Inquiry Supplement to Appeal Log No. HC COR-SC-16002225." (Opp'n, Ex. C.)

---

[3] Defendant Bell indicates that she will provide Plaintiff with a supplemental response to this interrogatory.

[4] Defendant Bell indicates that she inadvertently failed to produce the Privilege Log along with her responses.  However, the Privilege Log was provided to Plaintiff as Exhibit C to the opposition.  (ECF No. 66.)

**Analysis and Ruling:** Plaintiff's motion to compel is granted in part. Defendant cannot merely rely on the regulation to support the argument that disclosure is prohibited based on confidentiality concerns. To the extent that Defendant is relying on the official privilege, the Supreme Court has long noted that that privileges are disfavored. Jaffee v. Redmond, 518 U.S. 1, 9 (1996). "The party asserting an evidentiary privilege has the burden to demonstrate that the privilege applies to the information in question." Tornay v. United States, 840 F.2d 1424, 1426 (9th Cir. 1988). Privileges are to be "strictly construed" because they "impeded full and free discovery of the truth." Eureka Fin. Corp. v. Hartford Acc. and Indem. Co., 136 F.R.D. 179, 183 (E.D. Cal. 1991). "If the privilege is worth protecting, a litigant must be prepared to expend some time to justify the assertion of the privilege." Id.

In civil rights cases brought under section 1983, questions of privilege are resolved by federal law. Kerr v. United States Dist. Ct., 511 F.2d 192, 197 (9th Cir. 1975). "State privilege doctrine, whether derived from statutes or court decisions, is not binding on federal courts in these kinds of cases." Kelly v. City of San Jose, 114 F.R.D. 653, 655-56 (N.D. Cal. 1987).

"Federal common law recognizes a qualified privilege for official information." Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033 (9th Cir. 1990) (citing Kerr, 511 F.2d at 198). The official information privilege ensures disclosure of discoverable information without comprising the state's interest in protecting the privacy of law enforcement officials and in ensuring the efficacy of its law enforcement system. Kelly, 114 F.R.D. at 662-663. "To determine whether the information sought is privileged, courts must weigh the potential benefit of the disclosure against the potential disadvantages, if the latter is greater, the privilege bars discovery. Sanchez, 936 F.2d at 1033-1034. "In the context of civil rights suits against [correctional officials], this balancing approach should be 'moderately pre-weighed in favor of disclosure.'" Soto v. City of Concord, 162 F.R.D. 602, 613 (N.D. Cal. 1995) (quoting Kelly, 114 F.R.D. at 661).

The party invoking the privilege must at the outset make a "substantial showing" by way of a declaration or affidavit from a responsible official with personal knowledge of the matters attested. Soto v. City of Concord, 162 F.R.D. at 613. "The claiming official must 'have seen and considered the contents of the documents and himself have formed the view that on grounds of public interest

13

they ought not to be produced' and state with specificity the rationale of the claimed privilege." Kerr, 511 F.2d at 198 (citation omitted). The affidavit must include: (1) an affirmation that the agency generated or collected the material in issue and has maintained its confidentiality; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer; (40 a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, and (5) a projection of how much harm would be done to the threatened interests if disclosure were made. Soto, 162 F.R.D. at 613. In addition, "[t]he asserting party, as in any case where a privilege is claimed, must sufficiently identify the documents so as to afford the requesting party an opportunity to challenge the assertion of privilege." Miller v. Pancucci, 141 F.R.D. 292, 300 (C.D. Cal. Jan. 21, 1992).

Defendant has not complied with the Kelly requirements for asserting the official information privilege. There is no affidavit or declaration submitted to make the "substantial showing" that the documents related to appeal inquiry in 602-HC COR-SC-16002225 are privileged in any way, that their disclosure would affect a governmental or privacy interest, or that such interests could not be protected by redaction and a protective order. Accordingly, Plaintiff's motion to compel is granted, and within thirty (30) days, Defendant shall produce responsive documents to the Court for in camera review. Defendant may also move for a protective order, if so desired.

**B.     Plaintiff's Objections and Defendants' Motion to Modify the Scheduling Order**

In his objections to the Court's November 26, 2018 order, Plaintiff requests an extension of the discovery deadline given the additional time that Defendants have been granted to respond and because additional discovery is necessary.

Defendants also seek an extension of the discovery and dispositive motion deadlines. (ECF No. 69.) Defendants indicate that they have not yet been able to take Plaintiff's deposition and cannot do so before the close of discovery on December 28, 2018.

Based on a showing of good cause, the Court will extend the discovery and dispositive motions deadlines. The deadline for completion of all discovery is extended to February 11, 2019, and the dispositive motion deadline is extended to April 12, 2019.

## II.

## ORDER

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel is granted in part and denied in part;

2. Within **thirty (30)** days from the date of service of this order, Defendant Bell shall produce all responsive documents relating to Request for Production Number One to the Court for in camera review. Defendant may also move for a protective order, if so desired; and

3. The discovery deadline is extended to February 11, 2019, and the dispositive motion deadline is extended to April 12, 2019.

IT IS SO ORDERED.

Dated:   **December 27, 2018**

UNITED STATES MAGISTRATE JUDGE