# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WESLEY WILLIAMS, <br><br> Plaintiff, <br><br> v. <br><br> C. BELL, et al., <br><br> Defendants. | Case No. 1:16-cv-01584-LJO-SAB (PC) <br><br> FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR AN ORDER TO RETURN HIS CASE FILE EXHIBITS <br><br> [ECF No. 71] |

Plaintiff John Wesley Williams is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for an order to return his case file exhibits, filed January 14, 2018. Plaintiff contends that after his transfer between prison facilities a box of his legal property pertaining to this case was lost. Plaintiff submits that he filed an inmate grievance requesting the return of his property, but he has not received a response. The Court construes Plaintiff's motion as a request for a preliminary injunction.

A preliminary injunction is an extraordinary remedy never awarded as of right. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 9 (2008). For each form of relief sought in federal court, Plaintiff must establish standing. Summers v. Earth Island Institute, 555 U.S. 488, 493 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). This requires Plaintiff to show that he is under threat of suffering an injury in fact that is concrete and particularized; the threat must

1

be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury. Summers, 555 U.S. at 493; Mayfield, 599 F.3d at 969.

Further, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). Thus, the federal court's jurisdiction is limited in nature and its power to issue equitable orders may not go beyond what is necessary to correct the underlying constitutional violations which form the actual case or controversy. 18 U.S.C. § 3626(a)(1)(A); Summers, 555 U.S. at 493; Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-104 (1998).

Plaintiff has not met the requirements for the injunctive relief he seeks in this motion. A preliminary injunction cannot be issued directing prison officials to respond and/or process his inmate grievance. The Prison Litigation Reform Act ("PLRA") requires inmates to exhaust administrative remedies before filing civil actions in federal court. 42 U.S.C. § 1997e(a). Thus, exhaustion of administrative remedies is a prerequisite to prison suits. However, "the PLRA requires only that a prisoner exhaust available remedies, and … a failure to exhaust a remedy that is effectively unavailable does not bar a claim from being heard in federal court." McBride v. Lopez, 807 F.3d 982, 986 (9th Cir. 2015) (citing Nunez v. Duncan, 591 F.3d 1217, 1225-26 (9th Cir. 2010)). In this action Plaintiff is proceeding solely on his claim of deliberate indifference to his serious medical needs.

If Plaintiff is unable to exhaust his administrative remedies because prison officials failed to respond or to properly process his inmate appeals regarding the loss of his legal property, such argument can be raised when and if the issue arises in the appropriate action. Therefore, an order from this Court requiring prison officials to respond or process Plaintiff's inmate appeal cannot be granted nor is it necessary.

///

Furthermore, Plaintiff is advised the Due Process Clause of the Fourteenth Amendment of the United States Constitution protects Plaintiff from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 5563 (1974), and Plaintiff has a protected interest in his personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). Authorized, intentional deprivations of property are actionable under the Due Process Clause. See Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985). However, the Due Process Clause is not violated by the random, unauthorized deprivation of property so long as the state provides an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994). In this instance, to the extent that Plaintiff is alleging that his legal property was lost, it is based on a negligent or unauthorized deprivation, which is not actionable because he has an adequate post-deprivation remedy under California law, and therefore, he may not pursue a due process claim arising out of the unlawful confiscation of his personal property. See Barnett, 31 F.3d at 816-17 (citing Cal. Gov't Code §§ 810-895).

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for an order to return his case file exhibits be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 29, 2019**

UNITED STATES MAGISTRATE JUDGE