# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WESLEY WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>C. BELL, et al.,<br><br>    Defendants. | Case No. 1:16-cv-01584-LJO-SAB (PC)<br><br>ORDER REGARDING PRODUCTION OF DOCUMENT SUBMITTED FOR IN CAMERA REVIEW AND ISSUANCE OF PROTECTIVE ORDER<br><br>[ECF No. 72] |

Plaintiff John Wesley Williams is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.**

**INTRODUCTION**

This action is proceeding against Defendants C. Bell, S. Harris, R. Fischer, and Douglas for deliberate indifference to a serious medical need in violation of the Eighth Amendment.

On March 28, 2018, Defendants filed an answer to the complaint. (ECF No. 35.)

On March 29, 2018, the Court issued the discovery and scheduling order. (ECF No. 36.) The deadline for completion of all discovery is December 28, 2018. (ECF No. 51.)

As previously stated, on November 7, 2018, Plaintiff filed a motion to compel. (ECF No. 59.) On November 28, 2018, Defendants filed an opposition, and Plaintiff did not file a reply. (ECF No. 66.)

1

On December 27, 2018, Plaintiff's motion to compel was and granted in part and denied in part. (ECF No. 70.)

## II.

## DOCUMENT PRODUCTION

On September 14, 2016, Plaintiff filed an inmate health care appeal (log number COR HC 16061128), in which he complained about the level of mental health care treatment. The appeal was bifurcated into staff complaint log number COR SC 16002225. Plaintiff propounded a request for production of documents seeking "[a]ll documents which would show staff complaint appeal inquiry in 602-HC COR-SC 16002225." (ECF No. 70, at 12.) Defendants withheld the appeal inquiry asserting the official information privilege. On December 27, 2018, the Court overruled Defendants' objection and directed the document be produced for in camera review. Defendants submitted the documents identified as "C DEF 1-17" for review on January 28, 2019. This document addresses Plaintiff's complaint that Defendant Dr. Douglas attempted to deprive him of receiving necessary mental health treatment, which is relevant to his instant claim against Dr. Douglas. The Court has reviewed the documentation and finds that it should be disclosed to Plaintiff, without redaction.[1] The document does not reveal any institutional secrets. In addition, to the extent it may reveal a procedure for investigation, it does not reveal anything other than the fact that an investigation was conducted in which evidence was gathered, analyzed and a decision was rendered. Accordingly, Defendants will be directed to disclose this document to Plaintiff, subject to a protective order as set forth below.[2]

## III.

## PROTECTIVE ORDER

Federal Rule of Civil Procedure 26 provides that a court may issue a protective order, "which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue

---

[1] Although Defendants contend that redaction may be necessary, Defendants do not specifically identify, and the Court does not find any confidential information subject to redaction.

[2] This ruling applies only to the production of discoverable information under Rule 26 of the Federal Rules of Civil Procedure and does not render the documentation admissible evidence.

burden or expense." Fed. R. Civ. P. 26(c). Under the Federal Rule of Civil Procedure 26(c)(1), the Court may, for good cause, issue a protective order forbidding or limiting discovery. Fed. R. Civ. P. 26(c)(1). The Supreme Court has interpreted this language as conferring broad discretion on the courts to determine when a protective order is appropriate and what degree of protection is necessary. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984).

On the basis of good cause, Defendants' request for a protective order is GRANTED, and Plaintiff is prohibited from sharing the documents related to appeal inquiry log number 602 HC COR-SC-16002225, as set forth below.

## IV.
## CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Within fourteen days from the date of service of this order, Defendants shall provide Plaintiff with the documentation related to appeal inquiry log number 602 HC COR-SC-16002225, submitted for in camera review and identified as "C DEF 1-17"; and

2. Plaintiff is prohibited from sharing the documentation related to appeal inquiry in appeal log number 602 HC COR-SC-16002225, which Defendants produced marked as "C DEF 1017," with any individual for any purpose unrelated to this lawsuit. Plaintiff is further ordered to return the documents marked as "C DEF 1-17" and any copies to Defendants' counsel at the conclusion of this case.

IT IS SO ORDERED.

Dated: **March 5, 2019**

UNITED STATES MAGISTRATE JUDGE

3