# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WESLEY WILLIAMS, | Case No. 1:16-cv-01584-LJO-SAB (PC) |
| Plaintiff, | |
| v. | ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL |
| C. BELL, et al., | [ECF No. 74] |
| Defendants. | |

Plaintiff John Wesley Williams is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to compel, filed January 30, 2019.

**I.**

**RELEVANT BACKGROUND**

This action is proceeding against Defendants Bell, Harris, Fisher and Douglas for deliberate indifference to a serious medical need in violation of the Eighth Amendment.

On March 28, 2018, Defendants filed an answer to the complaint. (ECF No. 35.) On March 29, 2018, the Court issued the discovery and scheduling order. (ECF No. 36.)

On November 7, 2018, Plaintiff filed a motion to compel further responses to his first set of written discovery requests, which was granted in part and denied in part. (ECF Nos. 56, 70.)

On December 27, 2018, the Court granted Defendants' motion to modify the scheduling order and extended the discovery deadline to February 11, 2019. (ECF NO. 70.)

As previously stated, on January 30, 2019, Plaintiff filed the instant motion to compel. Defendants filed an opposition on February 20, 2019, and Plaintiff did not file a reply. Therefore, Plaintiff's motion is deemed submitted for review without oral argument. Local Rule 230(l).

## II.

## LEGAL STANDARD

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement. As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 36, Discovery and Scheduling Order, ¶4. Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No.

CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

///
///
///

# III.

# DISCUSSION

Plaintiff seeks to compel further responses to twelve interrogatories directed to Defendants Fischer, Harris and Bell. Defendants' oppose Plaintiff's motion and argue that they properly objected and responded, to the fullest extent possible, to each of Plaintiff's interrogatories.

An interrogatory may relate to any matter that may be inquired into under Rule 26(b), and an interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact. Fed. R. Civ. P. 33(a)(2) (quotation marks omitted). Parties are obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4); Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981). The responding party shall use common sense and reason. Collins v. Wal-Mart Stores, Inc., No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008). A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made. Gorrell v. Sneath, 292 F.R.D. 629, 632 (E.D. Cal. 2013); L.H. v. Schwarzenegger, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

**A.    Defendant Bell's Responses to Interrogatories (Set Two) Nos. 1, 2, 6 and 7**

<u>Interrogatory No. 1</u>: "During the times the deprivations are claimed in this lawsuit please explain why Plaintiff was never invited to attend IDTT to address issues with self injurious behavior."

<u>Bell's Response to Interrogatory No. 1</u>: "Defendant objects to this request on the grounds that it is vague, ambiguous, overbroad, argumentative, irrelevant, calls for speculation, and assumes facts. Without waiving these objections, Defendant responds as follows: Assuming Plaintiff is referring to the time period from September 15, 2016 (the approximate date Plaintiff arrived to California State Prison-Corcoran) to October 21, 2016 (the date Plaintiff filed the Complaint in this action), based upon Plaintiff's medical records, one IDTT was held regarding Plaintiff's level of care decision, on September 20, 2016, and Plaintiff was in attendance."

4

Plaintiff argues that Defendant Bell did not answer interrogatory number 1, but instead created an "arbitrary pretext" in order to limit her response to a thirty-day window "to avoid disclosure of relevant information which would prove that (1) while under Defendant's care, Defendant's [sic] held Plaintiff's IDTT every 90 days for over a year while purposely excluding Plaintiff, and (2) Defendant's [sic] purposely excluded pertinent clinical information relative to a serious cutting incidents to avoid referring or considering Plaintiff for a different level of care." (Pl.'s Mot. at 4, ECF No. 74.)

**Ruling:** Plaintiff's motion to compel must be denied. Defendant's objection on the ground that the interrogatory is vague as to the specific time frame is sustained. In the operative complaint, the allegations against each of the Defendants took place upon his arrival at Corcoran State Prison in September 2016. (Compl. at 5-9, ECF No. 1.) Therefore, Defendant reasonably interpreted Plaintiff's request as to the relevant time-period when he arrived at Corcoran State prison to the date he filed the instant action, and Plaintiff fails to explain how any alleged violations that took place after he filed the instant action are relevant to his claim. Accordingly, Plaintiff's motion to compel a further response is denied.

<u>Interrogatory No. 2:</u> "Identify any IDTT that was held during times relevant to this lawsuit where a treatment plan was created by subordinate defendant's [sic] to this action which specifically addressed Plaintiff's described self injurious behaviors."

<u>Defendant Bell's Response to Interrogatory No. 2:</u> "Defendant objects to this request on the grounds that it is vague, ambiguous, overbroad, argumentative, calls for speculation, and assumes facts. Without waiving these objections, Defendant responds as follows: Assuming Plaintiff is referring to the time period from September 15, 2016 (the approximate date Plaintiff arrived to California State Prison-Corcoran) to October 21, 2016 (the date Plaintiff filed the Complaint in this action), based upon Plaintiff's medical records, a CDCR MH-7388 Mental Health Treatment Plan was completed by Plaintiff's primary clinician Psychologist Dr. Gutknetch on September 20, 2016, in connection with the IDTT that was held on the same date; however Dr. Gutknetch is not a defendant in this action."

///

Plaintiff argues that Defendant Bell did not answer interrogatory number 1, but instead created an "arbitrary pretext" in order to limit her response to a thirty-day window "to avoid disclosure of relevant information which would prove that (1) while under Defendant's care, Defendant's [sic] held Plaintiff's IDTT every 90 days for over a year while purposely excluding Plaintiff, and (2) Defendant's [sic] purposely excluded pertinent clinical information relative to a serious cutting incidents to avoid referring or considering Plaintiff for a different level of care." (Pl.'s Mot. at 4, ECF No. 74.)

**Ruling:** Plaintiff's motion to compel must be denied. Defendant Bell properly objected that this request was vague, and reasonably assumed that by "during the times the deprivations are claimed in this lawsuit," Plaintiff was referring to the time period from when he arrived at Corcoran in September 2016, until the date he filed the instant action in October 2016. In his motion to compel, Plaintiff seeks information pertaining to over a year long period, but Plaintiff fails to explain how any alleged violations that took place after he filed the instant action are relevant to his claim. Accordingly, Plaintiff's motion to compel a further response is denied.

<u>Interrogatory No. 6:</u> "Please state each and every action you and/or subordinate defendant's [sic] took in direct response to each act of self injurious behavior suffered by Plaintiff during the times the deprivations are claimed in this lawsuit."

<u>Defendant Bell's Response to Interrogatory No. 6:</u> "Defendant objects to this request on the grounds it is vague, ambiguous, overbroad as to time and subject matter, irrelevant, argumentative, compound, and assumes facts. Without waiving these objections, Defendant responds as follows: Defendant did not decide or agree to have Plaintiff transferred to another institution; Defendant does not have the authority to transfer inmates."

In his motion to compel, Plaintiff argues that he seeks information regarding grievance log # COR-HC 17062501 response, which states, "We are investigating a program at another institution that may be appropriate for your symptoms." (Pl.'s Mot. at 4-5.) Plaintiff argues that Defendant Bell signed the grievance response on or about November 6, 2017, but in response to this interrogatory he "purport[s] not to have decided or agreed to that which he signed." (Id.)

///

**Ruling:** Plaintiff's motion to compel must be denied. Contrary to Plaintiff's argument, there is no mention of grievance log # COR-HC 17062501, or any information that would lead Defendant Bell to reasonably infer that Plaintiff was referring to this or any other grievance. Further, the grievance which is attached to the instant motion to compel, reveals that it was received in August 2017, several months after the complaint was filed in this action in October 2016. In addition, Defendant Bell did not actually sign the response as it was signed by someone else on her behalf. Moreover, the grievance response indicates that prison officials were investigating a program at another institution for Plaintiff, and it does not state that Defendant Bell or anyone else decided or agreed for Plaintiff to transfer to a different institution. Accordingly, there is no basis to compel a further response to this interrogatory.

<u>Interrogatory No. 7:</u> "Please state each and every action you and/or subordinate defendant's [sic] took in direct response to each act of self injurious behavior suffered by Plaintiff during the times the deprivations are claimed in this lawsuit."

<u>Defendant Bell's Response to Interrogatory No. 7:</u> "Defendant objects to this request on the grounds it is vague as to "self injurious behavior suffered by Plaintiff," vague in its entirety, ambiguous, overbroad as to time and subject matter, compound, irrelevant, calls for speculation, and assumes facts. Without waiving these objections, Defendant responds as follows: Assuming Plaintiff is referring to the time period from September 15, 2016 (the approximate date Plaintiff arrived at California State Prison-Corcoran) to October 21, 2016 (the date Plaintiff filed the Complaint in this action), Defendants took the following actions relating to Plaintiff's mental health care treatment:

- Defendant Fisher interviewed Plaintiff on September 21, 2016, regarding 602 appeal log number COR HC 16061128.

- Defendant Harris signed the second level response to appeal log number COR HC 16061128 on September 23, 2016.

- Defendant Bell co-signed the second level response to appeal log number COR HC 16061128 on September 26, 2016."

///

///

Plaintiff argues that Defendant Bell arbitrarily limited her response to a 30-day time-period from September 15, 2016, to October 21, 2016, to "avoid answering the interrogatory." (Pl.'s Mot. at 5.)

**Ruling:** Plaintiff's motion to compel must be denied. As discussed above, Defendant Bell reasonably assumed that Plaintiff was referring to the time-period when Plaintiff arrived at Corcoran in September 2016, until the date he filed the instant action in October 2016. Accordingly, there is no basis to compel a further response.

**B.      Defendant Harris's Responses to Interrogatories (Set Two) Nos, 2, 4 and 5**

Interrogatory No. 2: "If you did concur with providing Plaintiff with weekly counseling as oppose to once every 90 days then please state all reason you signed defendant Fischer's drafted appeal response."

Defendant Harris's Response to Interrogatory No. 2: "Defendant objects to this request on the grounds it assumes fact, is argumentative, irrelevant, vague, ambiguous, and misstates the evidence. Without waiving these objections, Defendant responds as follows: Assuming Plaintiff is referring to the second level response, dated September 20, 2016, to appeal log number COR-HC-16061128, Defendant did not concur or not concur with providing Plaintiff with weekly counseling as opposed to once every 90 days."

Plaintiff argues that Defendant Harris "cite[s] the same erroneous reply as Defendant Bell, that Defendant didn't agree or disagree which is absurd." (Pl.'s Mot. at 6.)

**Ruling:** Plaintiff's motion to compel must be denied. Defendant properly objected to this request on the grounds that it assumed facts. Plaintiff's request is conditioned on Defendant Harris not concurring with a decision to provide Plaintiff with weekly counseling. However, Defendant Harris indicated that he did not concur or not concur. Accordingly, Plaintiff's motion to compel a further response is denied.

Interrogatory No. 4: "Based on your response to Interrogatory no. 5, set one, verified 9-26-18, please state whether the six (6) CDCR-128-MH5's attached at Exhibit B' to Defendant Fischer's Request for Interrogatories no. 4, set two, would constitute as a warning sign that Plaintiff may have needed a higher level of care during the times the deprivations are claimed in this lawsuit."

1   Defendant Harris's Response to Interrogatory No. 4: "Defendant objects to this request on the grounds it is an incomplete hypothetical, argumentative, vague, ambiguous, overbroad, irrelevant, assumes facts, misstates evidence, calls for speculation, and the request is not self-contained. Without waiving these objections, Defendant responds as follows: No, because Plaintiff filed this lawsuit in October 2016, and the six CDCR 128-MH5 Mental Health Referral Chronos referenced by Plaintiff in the request are dated 2017 and therefore would not have influenced decisions regarding Plaintiff's level of care that pre-date the chronos."

  Plaintiff claims that he seeks information "as to whether the six CDCR 128 MH5s attached at Exhibit E herein, would or should have acted as a warning sign that Plaintiff have needed [sic] a higher level of mental health care." (Pl.'s Mot. at 6.) Plaintiff argues that Defendant Harris relied on the same arbitrary pretext as Defendant Bell to limit review to a 30-day period from September 15, 2016, to October 21, 2016, in order to "avoid answering this discovery request." (Id.)

  **Ruling:** Plaintiff's motion to compel must be denied. This interrogatory asked Defendant Harris whether events in 2017 would have been a warning sign that he may be in need of a higher level of care during the times relevant to this action. Harris responded that they would not because he reasonably assumed that by "the times the deprivations are claimed in this lawsuit," Plaintiff meant the time when he arrived at Corcoran in September 2016, until the date he filed the instant action in October 2016. Accordingly, Plaintiff's motion to compel a further response is denied.

  Interrogatory No. 5: "Based on your response to Interrogatories no. 2, set one, verified 9-26-18, would it be unusual for an inmate/patient to be an active cutter from self injurious behaviors while held at the CCCMS level of care months thereafter."

  Defendant Harris's Response to Interrogatory No. 5: "Defendant objects to this request on the grounds it is an incomplete hypothetical, argumentative, vague as to 'active cutter from self injurious behaviors,' vague in its entirety, ambiguous, overbroad, irrelevant, assumes facts, misstates evidence, calls for speculation, and the request is not self-contained. Without waiving these objections, Defendant responds as follows: Defendant is unable to respond to Plaintiff's vague and overbroad hypothetical as many factors influence decisions regarding an inmate/patient's level of mental health care."

1   Plaintiff contends that he seeks further information as to whether or not it would unusual for an
2   active cutter to be held or treated at the CCCMS level of care, but Defendant Harris "plead ignorance
3   to avoid response to this request." (Pl.'s Mot. at 6-7.)
4       **Ruling:** Plaintiff's motion to compel must be denied. Plaintiff's request is vague and an
5   incomplete hypothetical to which Defendant Harris cannot properly respond. See, e.g., Kinnee v.
6   Shack, Inc., No. 07-1463-AC, 2008 WL 1995458, at *2 (D. Or. May 6, 2008); McClain v. Mack
7   Trucks, Inc., 85 F.R.D. 53, 59 (E.D. Pa. 1979) (interrogatory calling for an opinion "must be phrased
8   with particularity.") Accordingly, Plaintiff's motion to compel a further response is denied.
9       **C.    Defendant Fischer's Responses to Interrogatories (Set Three) Nos. 1-5**
10      Interrogatory No. 1: "Please state the overall purpose of IDTT functions with respect to
11  develop and maintain treatment plan or goals for inmate patients based on your response to
12  interrogatory no. 1, set two, served 9-24-18."
13      Defendant Fischer's Response to Interrogatory No. 1: "Defendant objects to this request on the
14  grounds it is vague as to 'IDTT functions,' vague in its entirety, ambiguous, compound, irrelevant,
15  unintelligible, and the request is not self-contained. Defendant is unsure what Plaintiff is asking and,
16  therefore, without a clear request, Defendant is unable to respond."
17      Plaintiff argues that Defendant should "provide information relative to the IDTT purpose and
18  functions which would provide clarity with respect to defendant's duty and responsibilities to develop
19  and maintain Plaintiff's mental health treatment, but defendant used a plea of ignorance to avoid
20  response" to this interrogatory.
21      **Ruling:** Plaintiff's motion to compel must be denied. Defendant's objection on the grounds
22  that the request is vague and unintelligible are sustained. Although Plaintiff contends that he is
23  requesting information relative to the IDTT's purpose and functions with respect to his mental health
24  treatment, Plaintiff's request is still vague and overbroad because the IDTT serves many different
25  functions as outlined in the Mental Health Program Guide at
26  https://www.cdcr.ca.gov/DHCS/docs/Mental%20Health%20Program%20Guide.pdf. provided to
27  Plaintiff in response to interrogatory no. 5. Accordingly, Plaintiff's motion to compel a further
28  response is denied.

<u>Interrogatory No. 2</u>: "During the time the deprivations are claimed in this lawsuit how many IDTT's were held in Plaintiff's case based on your response to interrogatory no. 1 and 2, set two, verified 9-24-18."

<u>Defendant Fischer's Response to Interrogatory No. 2:</u> "Defendant objects to this request on the grounds it is vague as to time and the request is not self-contained. Without waiving this objection, from September 15, 2016 (the approximate date Plaintiff arrived to California State Prison-Corcoran) to October 21, 2016 (the date Plaintiff filed the Complaint in this action), Defendant is informed and believes that one IDTT concerning Plaintiff was held on September 20, 2016."

Plaintiff contends "where [he] seeks further information concerning the IDTT Defendant Fisher resort the same described arbitrary pretext used and relied on by Defendant's Bell and Harris, limiting review to a 30 days period, from September to October 2016, in order to avoid disclosure and appropriate response to these discovery requests." (Pl.'s Mot. at 7.)

**Ruling:** Plaintiff's motion to compel must be denied. As previously stated, Defendant Fischer reasonably assumed that by "during the times the deprivations are claimed in this lawsuit," Plaintiff was referring to the time period from when Plaintiff arrived at Corcoran in September 2016, until the date he filed the instant action in October 2016. Accordingly, Plaintiff's motion to compel a further response is denied.

<u>Interrogatory No. 3</u>: "Relative to your response to interrogatory no. 2 above, how many IDTT's were held where Plaintiff 'was not' invited to attend based on your response to interrogatory no. 3, set two, verified 9-24-18."

<u>Defendant Fischer's Response to Interrogatory No. 3:</u> "Defendant objects to this request on the grounds it is vague as to time, irrelevant, and the request is not self-contained. Without waiving these objections, based upon Plaintiff's medical records, Defendant does not believe that any IDTTs were held in absentia from September 15, 2016 (the approximate date Plaintiff arrived to California State Prison-Corcoran) to October 21, 2016 (the date Plaintiff filed the Complaint in this action)."

Plaintiff argues that "where he seeks further information concerning the IDTT, Defendant Fischer resorts to the same described arbitrary pretext used and relied on by Defendant's [sic] Bell and

Harris, limiting review to a 30 days period, from September to October 2016, in order to avoid disclosure and appropriate response to these discovery requests." (Pl.'s Mot. at 7.)

**Ruling:** Plaintiff's motion to compel must be denied. As with the prior requests, Defendant Fischer reasonably assumed that by "during the time deprivations are claimed in this lawsuit," Plaintiff was referring to the time period from when Plaintiff arrived at Corcoran in September 2016, until the date he filed the instant action in October 2016. Accordingly, there is no basis to compel a further response, and Plaintiff's motion to compel must be denied.

<u>Interrogatory No. 4:</u> "Please explain how the six CDCR-128-MH5 attached at Exhibit 'B' to Plaintiff's second set of interrogatories were addressed, acted on, or considered at any IDTT in Plaintiff case based on your response to interrogatory no. 4, set two, verified 9-24-18."

<u>Defendant Fisher's Response to Interrogatory No. 4:</u> "Defendant objects to this request on the grounds that this request is vague and ambiguous, compound, calls for speculation, lacks foundation, assumes facts, and the request is not self-contained. Without waiving these objections, Defendant responds as follows: Defendant was not a member of Plaintiff's IDTT on September 20, 2016. Based on a review of the CDCR 128-MH5 Mental Health Referral Chronos attached as Exhibit B to Plaintiff's second set of interrogatories, the chronos are all dated 2017, after the September 20, 2016 IDTT, and therefore could not have been considered."

Plaintiff argues that "where he seeks further information concerning the IDTT, Defendant Fischer resort to the same described arbitrary pretext used and relied on by Defendant's [sic] Bell and Harris, limiting review to a 30 day period, from September to October 2016, in order to avoid disclosure and appropriate response to these discovery requests." (Pl.'s Mot. at 7.)

**Ruling:** Plaintiff's motion to compel must be denied. As with the prior requests, Defendant Fischer reasonably assumed that by "during the time deprivations are claimed in this lawsuit," Plaintiff was referring to the time period from when Plaintiff arrived at Corcoran in September 2016, until the date he filed the instant action in October 2016. Accordingly, there is no basis to compel a further response, and Plaintiff's motion to compel must be denied.

///
///

Interrogatory No. 5: "Relative to your response to interrogatory no. 4 above, please explain what the MHSDS Program guide instruct or call for IDTT to do in direct response to CDCR-128-MH5 referenced above which include crisis bed evaluations."

Defendant Fischer's Response to Interrogatory No. 5: "Defendant objects to this request on the grounds it is vague, ambiguous, unintelligible, compound, calls for speculation, lacks foundation, assumes facts, and the document speaks for itself. Without waiving these objections, Defendant responds as follows: Assuming Plaintiff is asking what the Mental Health Program Guide says, Plaintiff is directed to the Mental Health Program Guide, a copy of which is being produced to Plaintiff at DEF 1-193."

Plaintiff argues that he seeks "information as to what the mental health program guide direct [sic] Defendant's [sic] to do to address, treat, or respond to cutting incidents recorded in the six CDCR-128-MH5's at Exhibit 'E' hereto." (Pl.'s Mot. at 7-8.) Plaintiff submits that Defendant Fischer responded by referring Plaintiff to the 193 page mental health program guide which Defendant attached as an interrogatory response. (Id. at 8.) Plaintiff argues that this makes it "even more clear that Defendant's [sic] have no regard for the rules of discovery, judicial orders, or Plaintiff's rights as a pro se litigant." (Id.)

**Ruling:** Plaintiff's motion to compel must be denied. Defendant properly objected to this request as vague, ambiguous, unintelligible, compound, calls for speculation, lacks foundation, assumes facts, and the document speaks for itself. In addition, contrary to Plaintiff's argument, a responding party may answer an interrogatory, such as the instant request, by producing records. See Fed. R. Civ. P. 33(d). Notwithstanding Defendant's objection, Defendant attests that he responded to the request to the fullest extent by providing and directing Plaintiff to the Mental Health Program Guide. Accordingly, there is no basis to compel a further response, and Plaintiff's motion to compel must be denied.

///
///
///
///

## IV.
## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion to compel, filed on January 30, 2019, is DENIED.

IT IS SO ORDERED.

Dated: __**March 21, 2019**__

_____
UNITED STATES MAGISTRATE JUDGE