UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WESLEY WILLIAMS,<br><br>        Plaintiff,<br><br>    v.<br><br>C. BELL, et al.,<br><br>        Defendants. | Case No. 1:16-cv-01584-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>[ECF No. 81] |

      Plaintiff John Wesley Williams is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

      On April 12, 2019, Plaintiff filed "Objections to the Magistrate Judge Ruling on Discovery Matters." (ECF No. 81.)

**I.**

**RELEVANT BACKGROUND**

      This action is proceeding against Defendants Bell, Harris, Fisher and Douglas for deliberate indifference to a serious medical need in violation of the Eighth Amendment.

      On March 28, 2018, Defendants filed an answer to the complaint. (ECF No. 35.) On March 29, 2018, the Court issued the discovery and scheduling order. (ECF No. 36.)

      On November 7, 2018, Plaintiff filed a motion to compel further responses to his first set of written discovery requests. (ECF No. 56.)

1    On December 27, 2018, the Court granted in part and denied in part Plaintiff's motion to compel. The Court directed Defendants to produce responsive documents to Request for Production Number One for in camera review. (ECF No. 70.) In this same order, the Court also extended the discovery deadline to February 11, 2019, and the dispositive motion deadline to April 12, 2019. (Id.)

On January 30, 2019, Plaintiff filed a second motion to compel. (ECF No. 71.) Defendants filed an opposition on February 20, 2019, and Plaintiff did not file a reply.

On March 5, 2019, the Court issued an order following in camera review and ordered that Defendants provide Plaintiff with the documentation related to appeal log number 602 HC COR-SC-16002225, and ordered that Plaintiff is prohibited from sharing the documentation and he must return the documents to Defendants' counsel at the conclusion of the case. (ECF No. 78.)

On March 22, 2019, the Court denied Plaintiff's motion to compel filed on January 30, 2019. (ECF No. 80.)

As previously stated, on April 12, 2019, Plaintiff filed "Objections to the Magistrate Judge Ruling on Discovery Matters." (ECF No. 81.) Defendants filed a response on May 3, 2019. (ECF No. 86.) Plaintiff did not file a reply and the time to do so has expired. Local Rule 230(l).

## II.

## DISCUSSION

Reconsideration motions are committed to the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986).

Federal Rule of Civil Procedure 72(a) provides that nondispositive pretrial matters may be referred to and decided by a magistrate judge, subject to review by the assigned district judge. See also Local Rule 303(c). The district judge shall modify or set aside any part of the magistrate judge's order which is "found to be clearly erroneous or contrary to law." Local Rule 303(f); see also 28 U.S.C. § 636(b)(1)(A). Discovery motions are nondispostive pretrial motions which fall under Rule 72(a) and 28 U.S.C. § 636(b)(1)(A), and the orders resolving such motions are subject to the "clearly

erroneous or contrary to law" standard of review. Rockwell Inter., Inc. v. Pos-A-Traction Indus., Inc., 712 F.2d 1324, 1325 (9th Cir. 1983).

The magistrate judge's factual determinations are reviewed for clear error and the legal conclusions are reviewed to determine if they are contrary to the law. United States v. McConney, 728 F.2d 1195, 1200-01 (9th Cir. 1984), overruled on other grounds in Estate of Merchant v. CIR, 947 F.2d 1390 (9th Cir. 1991). "A magistrate judge's decision is 'contrary to law' if it applies an incorrect legal standard, fails to consider an element of applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure." Martin v. Loadholt, No. 1:10-cv-00156-LJO-MJS, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014) (citing Morgal v. Maricopa County Bd. of Sup'rs, 284 F.R.D. 452, 459 (D. Ariz. 2012)). A magistrate judge's factual findings are "clearly erroneous" when the district court is left with the definite and firm conviction that a mistake has been committed. Security Farms v. International Bhd. of Teamsters, 124 F.3d 999, 1014 (9th Cir. 1997).

In his objections, Plaintiff contends, among other things, that Defendants have not provided the documentation ordered after in camera review by the Court. Plaintiff further objects to the Court's March 22, 2019, order denying his second motion to compel. Plaintiff specifically objects to the rulings on Defendant Bell's responses to interrogatories, set two, numbers 1, 2 and 7, Defendant Harris's response to interrogatory, set two, number 4, and Defendant Fischer's responses interrogatories, set three, numbers 1 through 5. Plaintiff contends that the undersigned's rulings are "erroneous and contrary to facts" because he was "under the Defendants' care from September 2016, until January 2017, and despite having filed this action on October 21, 2016, the violations and deprivations claims therein were ongoing." (Mot. 3, ECF No. 81.) Defendants argue that Plaintiff's objections to the Court's ruling on Plaintiff's second motion to compel should be overruled.

First, Defendants' counsel, Deputy Attorney General Janet Chen, declares under penalty of perjury, that Defendants timely served Plaintiff with the document, and Plaintiff received it. (Chen Decl. ¶¶ 2-3.) Indeed, Defendants' counsel attaches a copy of a letter from Plaintiff to counsel in which Plaintiff indicates that he received the document on April 5, 2019. (Chen Decl. Ex. B.) Accordingly, there is no merit to Plaintiff's claim that he did not receive the document as ordered by the Court.

3

Second, with regard to Defendants Bell, Harris and Fischer and contrary to Plaintiff's contention, events that took Plaintiff after the filing of complaint are not subject to liability in this action. Although Plaintiff classifies the events as "ongoing," in responding to Plaintiff's interrogatories Defendants reasonably interpreted "the times the deprivations are claim in this lawsuit," to mean the period from September 15, 2016 (the approximate date Plaintiff arrived at California State Prison-Corcoran) to October 21, 2016 (the date Plaintiff filed the complaint in this action. Accordingly, Plaintiff's objections are overruled.

Third, with regard to Defendant Fischer's response to Interrogatory, Set Three, Number 1, Plaintiff contends that his request "was specific to the IDTT's function and purpose in obligations to develope [sic] and maintaining [sic] inmate/patients (I/P, including Plaintiff) treatment plans and goals." (Mot. at 4.) Interrogatory Number 1, Set Three, asked Defendant Fischer to: "Please state the overall purpose of IDTT functions with respect to develop and maintain treatment plan or goals for inmate patients based on your response to interrogatory no. 1, set two, served 9-24.18." (ECF No. 80 at 10.) Defendant Fischer objected as follows: "Defendant objects to this request on the grounds it is vague as to 'IDTT functions,' vague in its entirety, ambiguous, compound, irrelevant, unintelligible, and the request is not self-contained. Defendant is unsure what Plaintiff is asking, and therefore, without a clear request, Defendant is unable to respond." (Id.) The magistrate judge sustained Defendant's objection that the request is vague and unintelligible. (Id.) The magistrate judge further found that the request is "vague and overbroad because the IDTT serves many different functions as outlined in the Mental Health Program Guide at http://www.cdcr.ca.gov/DHCS/docs/Mental%20Health%20Program%20Guide.pdf provided to Plaintiff in response to interrogatory no. 5." (Id.) Plaintiff's current objection is likewise unintelligible and is therefore overruled.

Finally, Plaintiff objects to the magistrate judge's ruling on Defendant Fischer's response to Interrogatory, Set Three, Number 5, and argues that a responding party cannot respond to an interrogatory by producing a 193-page document. (Mot. at 4.) Plaintiff argues that Defendant Fischer failed to adequately answer the interrogatory and simply produced a voluminous amount of business records that Plaintiff could not navigate. (Id. at 4-5.) Interrogatory, Set Three, Number 5 requested as

follows: "Relative to your response to interrogatory no. 4 above, please explain what the MHSDS Program guide instruct or call for IDTT to do in direct response to CDCR-128-MH5 referenced above which include crisis bed evaluations." (ECF No. 80 at 13.) Defendant Fischer responded: "Defendant objects to this request on the grounds it is vague, ambiguous, unintelligible, compound, calls for speculation, lacks foundation, assumes facts, and the document speaks for itself. Without waiving these objections, Defendant responds as follows: Assuming Plaintiff is asking what the Mental Health Program Guide says, Plaintiff is directed to the Mental Health Program Guide, a copy of which is being produced to Plaintiff at DEF 1-193." (Id.) The magistrate judge sustained Defendant's objections as vague, ambiguous, unintelligible, compound, calls for speculation, lacks foundation, assumes facts, and the document speaks for itself. (Id.) The magistrate judge further noted that under Federal Rule of Civil Procedure 33(d), a responding party may answer an interrogatory, such as the instant request, by producing documents. (Id.) Defendant responded to this interrogatory by providing Plaintiff with a copy of the entire Program Guide because Defendant could not reasonably point to a specific page or paragraph of the document, given that Plaintiff's request was so vague and unintelligible. Accordingly, Plaintiff's objection is overruled.

### III.
### CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for reconsideration, filed April 11, 2019 (ECF No. 81), is denied.

IT IS SO ORDERED.

Dated: **May 20, 2019**  /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE