UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WESLEY WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>C. BELL, et al.,<br><br>    Defendants. | Case No. 1:16-cv-01584-LJO-SAB (PC)<br><br>ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND DENYING MOTION TO SUPPRESS DEPOSITION TRANSCRIPT<br><br>[ECF No. 81] |

Plaintiff John Wesley Williams is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

On April 29, 2019, Plaintiff filed objections to the lodging of his deposition transcript. On May 21, 2019, the Court construed Plaintiff's objection as a motion to suppress the deposition transcript under Federal Rule of Civil Procedure 32(d)(4), and directed Defendants to file a response. Defendants filed a response on May 31, 2019.

**I.**

**RELEVANT BACKGROUND**

Defendants submit that they took Plaintiff's deposition on January 29, 2019, at Richard J. Donovan State Prison ("RJD"). (Chen Decl. ¶ 2, ECF No. 91). Plaintiff filed a notice of change of address on March 20, 2019, indicating that he was transferred to California State Prison-Corcoran (CSP-COR). (ECF No. 79.)

1

| 1  | On March 27, 2019, Defendants' counsel received a letter from Plaintiff requesting a copy of
| 2  | his deposition transcript to review and make any necessary changes. (Chen Decl. ¶ 3.) In response,
| 3  | counsel contacted the Litigation Coordinator at RJD, and was advised that although it was his
| 4  | understanding the transcripts were sent sometime in February, he never received them. (Id. ¶ 4.)
| 5  | Counsel also contacted the deposition reporting company, who indicated they sent the transcript to
| 6  | Plaintiff twice, but Plaintiff or someone else refused delivery. (Id. ¶ 5.) Counsel also contacted the
| 7  | Litigation Coordinator at CSP-COR, who indicated that upon receiving a request from Plaintiff to
| 8  | review the transcript, she contacted the reporting company, who indicated they would send a copy to
| 9  | provide to Plaintiff. (Id. ¶ 6.)
| 10 | On April 12, 2019, Defendants filed a motion for summary judgment, along with excerpts of
| 11 | Plaintiff's deposition transcript. (ECF. No. 82.) At the time the motion for summary judgment was
| 12 | filed, defense counsel was aware that Plaintiff had not yet reviewed and signed the deposition
| 13 | transcript. (Chen Decl. ¶ 7.) Counsel submits that she did not believe Plaintiff would have corrections
| 14 | to the particular excerpts of testimony cited in support of the motion. (Id.) Counsel further believed
| 15 | that if Plaintiff had corrections, after reviewing the transcript, those issues could be addressed by the
| 16 | Court at a later date. (Chen Decl. ¶ 8.)
| 17 | As previously stated, on May 24, 2019, Plaintiff objected to the submission of the deposition
| 18 | transcript. Plaintiff states that due to his transfer he was never allowed to review and correct the
| 19 | deposition transcript. (ECF No. 85 at 2.) Plaintiff attaches a CDCR Form 22 request for interview,
| 20 | dated March 23, 2019, which informed the Litigation Coordinator at RJD that he was transferred to
| 21 | CSP-COR before he had a change to review his deposition transcript. (ECF No. 85, Ex. A.) The
| 22 | Litigation Coordinator responded stating, "Roxal will forward the transcripts for review, we will
| 23 | forward the copy to you." (Id.)
| 24 | To date, Plaintiff has not filed an opposition to Defendants' motion for summary judgment.
| 25 | Defense counsel submits that, on or around May 14, 2019, she learned that Plaintiff refused to accept
| 26 | service of a mail package, which presumably contained Defendants' summary judgment motion.
| 27 | (Chen Decl. ¶ 11.) Plaintiff refused to accept the mail package, because he was "dissatisfied with the
| 28 | condition of the package as it appeared opened and torn." (Id.) Plaintiff requested that the package

"be sent back to the original sender and re-issued the documents, feeling some of the documents could be missing due to the packages [sic] condition." (Chen Decl. ¶ 11, Ex. F.) On May 23, 2019, counsel re-served Plaintiff with a copy of Defendants' summary judgment motion, and informed Plaintiff that Defendants would not oppose a request for extension of time, up to June 16, 2019, for Plaintiff to file an opposition to the summary judgment motion. (Id. ¶ 12.)

## II.
## DISCUSSION

Federal Rule of Civil Procedure 30(e) permits a deponent to make changes to his deposition testimony "in form or substance" provided the deponent (1) requests review of the deposition to make corrections, (2) signs a statement listing the changes and the reasons for making them, and (3) submits changes within thirty days of receiving notice that the transcript is available. Fed. R. Civ. P. 30(e)(1)-(2).

In order to properly object and suppress the deposition transcript, Rule 32 of the Federal Rules of Civil Procedure provides:

> An objection to how the officer transcribed the testimony—or prepared, signed, certified, sealed, endorsed, sent, or otherwise dealt with the deposition—is waived unless a motion to suppress is made promptly after the error or irregularity becomes known or, with reasonable diligence, could have been known.

Fed. R. Civ. P. 32(d)(4).

In this instance, it is clear that a copy of the deposition transcript was sent to Plaintiff, but due to unforeseen circumstances he has never reviewed it. Defense counsel submits that as of the date of filing, she has not received a signed copy of Plaintiff's deposition transcript, and she does not know whether Plaintiff has reviewed the transcript. (Chen Decl. ¶ 9.) Counsel attempted to follow-up with Royal on May 1, 2019, and again on May 24, 2019, regarding the status of Plaintiff's deposition. (Id.) On May 24, 2019, Royal advised counsel that they had not yet received back a signed copy. (Id.) Royal further indicated that they would send a condensed copy to Plaintiff that day. (Id., Ex. E.) Counsel advised that if she received a signed copy of the transcript with changes from the reporting company, she will forward it to the Court, along with a Notice of Lodging Plaintiff's Corrected Deposition Transcript. (Id. ¶ 10.)

The Court has discretion to deal with discovery questions. Pina v. Children's Place, 740 F.3d 785, 790-971 (1st Cir. 2014). As stated by Defendants, there is little federal law on the matter of failure to sign a declaration. United States v. Garcia, 527 F.2d 473, 475 (9th Cir. 1975). One federal District Court in the Federal District of Columbia set forth the following factors to be considered: relevance and importance of the testimony; degree to which the evidence is impaired by the failure of the witness to review, correct and sign the deposition; and the prejudice to the objecting party. Bernstein v. Brenner, 51 F.R.D. 9, 11, 13 (D.D.C. 1970).

In this instance, Defendants have relied on only six statements of Plaintiff's testimony from his deposition to support their statement of undisputed facts. Specifically, Defendants relied on the following testimony: (1) that Plaintiff does not have formal training in medicine, psychology, or psychiatry; (2) that his mental health needs fluctuate and change based on how an individual is doing; (3) that he arrived at Corcoran State Prison in September 2016; (4) that none of the Defendants were on his treatment team; (5) that he has never spoken to Defendant Harris, and other than his role as a supervisor, he has no other basis for suing him; and (6) that he has never met Defendant Bell, and other than her role as a supervisor, he has no other basis for suing her.

There is no showing that the evidence is impaired by Plaintiff's failure to review the deposition transcript. It is significant to note that, to date, Plaintiff has not identified any alleged errors or inaccuracies in his deposition transcript. Rather, Plaintiff's argument is limited to the procedural deficiency in allowing him to review the deposition transcript. Moreover, the Ninth Circuit has held that any Rule 30(e) corrections must be "corrective" not "contradictory" and may be struck under certain circumstances. Hambleton Bros. Lumber Co. v. Balkin Enterprises Inc., 397 F.3d 1217, 1225 (9th Cir. 2005); see also Garcia v. Pueblo Country Club, 299 F.3d 1233, 1242 n.5 (10th Cir. 2002) ("The Rule cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses. Depositions differ from interrogatories in that regard. A deposition is not a take home examination); Thorn v. Sundstrand Aerospace Corp., 207 F.3d 383, 389 (7th Cir. 2000) ("a change of substance which actually contradicts the transcript is impermissible unless it can plausibly be represented as the correction of an error in transcription").

Lastly, there is no showing of prejudice. As stated, Plaintiff has not yet made corrections to his testimony, and the status of his review is presently unknown. However, Defendants submit that if Plaintiff wishes to change his testimony, Defendants do not oppose such a request. Counsel submits that if she "receives a copy with changes from the reporting company, counsel will immediately forward it to the court, along with a Notice of Lodging Plaintiff's Corrected Deposition Transcript." Therefore, Plaintiff's motion to suppress the deposition transcript shall be denied, without prejudice.

## III.
## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to suppress the deposition transcript is denied, without prejudice; and
2. In the interest of justice, the Court will grant Plaintiff thirty (30) days to file an opposition to Defendants' motion for summary judgment and any corrections he may have to the deposition transcript, assuming he has received it to review. <u>However, no further extensions of time will be granted absent extraordinary circumstances, not present here</u>.

IT IS SO ORDERED.

Dated: __**June 12, 2019**__

_____
UNITED STATES MAGISTRATE JUDGE