# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WESLEY WILLIAMS, <br><br> Plaintiff, <br><br> v. <br><br> C. BELL, et al., <br><br> Defendants. | Case No. 1:16-cv-01584-LJO-SAB (PC) <br><br> ORDER DENYING PLAINTIFF'S REQUEST TO STAY THE PROCEEDINGS, AND DENYING REQUEST FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE <br><br> [ECF No. 94] |

Plaintiff John Wesley Williams is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's request to stay the proceedings and for appointment of counsel, filed June 17, 2019.

**I.**

**BACKGROUND**

This action is proceeding against Defendants CEO Bell, Dr. Harris, Dr. Fischer, and Dr. Douglas for deliberate indifference to a serious medical need in violation of the Eighth Amendment.

Defendants filed an answer to the complaint on March 28, 2018. On March 29, 2018, the Court issued the discovery and scheduling order.

Thereafter, the Court set the case for an early settlement conference. The parties attended the settlement conference on July 18, 2018, but the case did not settle.

1

The parties engaged in discovery, and Plaintiff filed two motions to compel discovery.

On April 12, 2019, Defendants filed a motion for summary judgment. However, Plaintiff refused to accept delivery of Defendants' motion for summary judgment because he was "dissatisfied with the condition of the package as it appeared opened and torn." (ECF No. 91, Chen Decl. ¶ 11 at 7.) On May 23, 2019, Defendants re-served Plaintiff with a courtesy copy of the motion for summary judgment. (Id. ¶ 12 at 8.)

On April 29, 2019, Plaintiff filed objections to Defendants' lodging of his deposition transcript. On May 21, 2019, the Court construed Plaintiff's objections as a motion to suppress the deposition transcript and directed Defendants to file a response. Defendants filed a response on May 31, 2019. On June 12, 2019, the Court denied the motion to suppress the deposition transcript, and granted Plaintiff thirty days to file an opposition to Defendants' motion for summary judgment. (ECF No. 92.) The Court noted that "<u>no further extensions of time will be granted absent extraordinary circumstances, not present here</u>." (Id.)

On June 17, 2019, Plaintiff filed a documented titled as a "Reply" to Defendants' opposition to his motion to suppress his deposition transcript. (ECF No. 94.) Plaintiff moves to stay the proceedings "due to Psychiatric Inpatient Program (PIP)," and appointment of counsel. (Id. at 1.) Plaintiff submits that he has "been at the PIP level of care undergoing acute treatments to stabilize major depression and cutting disorder by self injurious behaviors" since May 14, 2019. (Id. at 3, Williams Decl. ¶ 4.) Plaintiff further contends that there is "limited property allowed and no physical access to a law library to conduct meaningful research." (Id., Williams Decl. ¶ 5.) Plaintiff claims he "won't be able to effectively defend or prosecute this action while in PIP" and he has "yet to receive Defendants' motion for summary judgment." (Id.) Plaintiff therefore seeks to stay the action so that he "may focus on [his] PIP treatment." (Id., Williams Decl. ¶ 5.) In the alternative, Plaintiff seeks appointment of counsel. (Id.)

Defendants filed an opposition on July 8, 2019. Plaintiff did not file a reply and the time to do so has expired. Local Rule 230(l).

///

///

# II.
# DISCUSSION

### A. Motion to Stay Proceedings

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 707 (1997) (citing Landis v. North American Co., 299 U.S. 248, 254 (1936)). "The proponent of the stay bears the burden of establishing its need." Id. at 708. The following factors shall be considered when determining if a stay is appropriate: (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice, measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." Filtrol Corp. v. Kelleher, 467 F.2d 242, 244 (9th Cir. 1972) (quoting CMAX, Inc. v. Hall, 300 F.2d 268 (9th Cir. 1962). The Court should "balance the length of any stay against the strength of the justification given for it." Young v. I.N.S., 208 F.3d 1116, 1119 (9th Cir. 2000).

While the Court is sympathetic to Plaintiff's medical health needs and any difficulties in litigating this action, Plaintiff has demonstrated that he is very capable of litigating this action and responding to court orders and Defendants' filings. Indeed, Plaintiff filed the instant motion to stay and for appointment of counsel. In addition, although Plaintiff claims that there is "limited property allowed" in California Medical Facility's (CMF) Acute PIP, Defendants submit evidence otherwise. Defendants submit the declaration of B. Reynolds, a Health Program Coordinator employed by the California Department of Corrections and Rehabilitation who supervises staff within the PIP. (Reynolds Decl. ¶ 1, ECF No. 95-1.) B. Reynolds declares as follows:

> Law library access is available to inmates housed in the Acute PIP at CMF via a paging system. A true and correct copy of a policy memorandum, dated January 13, 2017, regarding law library access in CMF's Acute PIP is attached as Exhibit A.
>
> At the direction of Deputy Attorney General Janet Chan, on July 3, 2019, I personally spoke to inmate-patient John Williams (V-34099) regarding his law library access while he is housed in CMF's Acute PIP. Williams stated that he has submitted a request to access the law library via the paging system and that, to date, he has received all of the law library materials that he has requested.

> During the conversation, I also learned that Williams has not yet received his personal property, including legal property, from his transferring institution California State Prison-Corcoran. I also learned that staff have been made aware of the issue and are working to address it.
>
> Per prison regulations, inmates within the CDCR are allowed up to six cubic feet of personal property (section 3190(d)), plus up to one cubic foot of inmate-owned legal materials (section 3161). There are not additional limits on the amount of property inmates housed within CMF's Acute PIP are allowed to have, subject to individualized safety and security concerns as determined by mental health staff. It does not appear that Williams currently has any additional restrictions on how much property he is allowed.

(Reynolds Dec. ¶¶ 2-5, ECF No. 95-1.)

Thus, inmates admitted to CMF's Acute PIP have access to the law library via a paging system, which Plaintiff has utilized. Inmates may complete a CMF Law Library Paging Request form and submit it to nursing staff. (Id. ¶ 2, Ex. A.) Nursing staff then forward the form to the Property MTA (medical technical assistant) no later than Tuesday of each week. (Id.) The Property MTA then submits the form to the Law Librarian on the following day, Wednesday, and the Law Library will process the request based on the patient's status within 5 days for pro se inmates with pending active court cases. (Id.) The Property MTA will pick up and deliver the requested material to the housing unit, and staff will provide the inmate with the opportunity to review the materials within the week it is received. (Id.) Indeed, to date, Plaintiff has requested and received all of the law library materials he has requested. (Id. ¶ 3.) Thus, Plaintiff's claim that will not be able to effectively defend or prosecute this action while in PIP is contradicted by the evidence submitted by Defendants, and do not provide a basis to stay the proceedings.

Lastly, with regard to Plaintiff's claim that he has "yet to receive Defendants' motion for summary judgment," Defendants have served two copies of the motion on Plaintiff. The first copy was refused by Plaintiff, and the second copy was re-served on May 23, 2019. The fact that Plaintiff may not have current possession of the motion is not attributable to Defendants.

Based on the foregoing, Plaintiff's request to stay the proceeding shall be denied. However, given that Plaintiff does not have possession of his legal property, the Court will grant Plaintiff an additional thirty days to file an opposition to Defendants' motion for summary judgment, but not further extensions of time will be granted, absent extraordinary circumstances.

### B. Motion Appointment of Counsel

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.") The test is whether exception circumstances exist and here, they do not. There is insufficient evidence before the Court to determine whether Plaintiff is likely to succeed on the merits. Further, Plaintiff is able to articulate his claim and litigate this action. Plaintiff has filed numerous motions, as well as propounded multiple discovery requests. In addition, Plaintiff has litigated several other prior cases and is currently litigating two pending actions. See Williams v. Riley, Case No. 2:16-cv-03002-JAM-DMC & Williams v. Alfaro, Case No. 1:17-cv-01310-AWI-JLT.) Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary

assistance of counsel. Accordingly, Plaintiff's motion for the appointment of counsel shall be denied, without prejudice.

### III.

### ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to stay the proceedings is DENIED;
2. Plaintiff's motion for appointment of counsel, is denied, without prejudice; and
3. Plaintiff is granted thirty (30) days from the date of service of this order to file an opposition to Defendants' motion for summary judgment. No further extensions of time will be granted absent extraordinary circumstances, not present here.

IT IS SO ORDERED.

Dated: **July 22, 2019**

UNITED STATES MAGISTRATE JUDGE