UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WESLEY WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>C. BELL, et al.,<br><br>    Defendants. | Case No. 1:16-cv-01584-LJO-SAB (PC)<br><br>ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO THE COURT'S JULY 23, 2019, ORDER DENYING HIS REQUEST TO STAY THE ACTION<br><br>[ECF No. 99] |

Plaintiff John Wesley Williams is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's objections to the Court's July 23, 2019, order denying his request to stay the action, filed August 8, 2019. Plaintiff's objections shall be overruled.

On June 17, 2019, Plaintiff filed a documented titled as a "Reply" to Defendants' opposition to his motion to suppress his deposition transcript. (ECF No. 94.) Plaintiff moved to stay the proceedings "due to Psychiatric Inpatient Program (PIP)," and appointment of counsel. (Id. at 1.) Plaintiff submitted that he has "been at the PIP level of care undergoing acute treatments to stabilize major depression and cutting disorder by self injurious behaviors" since May 14, 2019. (Id. at 3, Williams Decl. ¶ 4.) Plaintiff further contended that there is "limited property allowed and no physical access to a law library to conduct meaningful research." (Id., Williams Decl. ¶ 5.) Plaintiff claimed he "won't be able to effectively defend or prosecute this action while in PIP" and he has "yet to

1

receive Defendants' motion for summary judgment." (Id.) Plaintiff therefore sought to stay the action so that he "may focus on [his] PIP treatment." (Id., Williams Decl. ¶ 5.) In the alternative, Plaintiff sought appointment of counsel. (Id.) Defendants filed an opposition on July 8, 2019.

On July 23, 2019, the Court denied Plaintiff's request to stay the action and denied the request for appointment of counsel. (ECF No. 97.) In that order, the Court noted that Plaintiff had not filed a timely reply within seven days (plus three days for mailing) of the opposition. Local Rule 230(l); Fed. R. Civ. P. 6(d). However, on August 1, 2019, Plaintiff filed a reply which is dated July 16, 2019, which is timely. Then, on August 8, 2019, Plaintiff filed objections to the Court's July 23, 2019, order. The Court will therefore consider both Plaintiff's reply and objections.

Plaintiff contends that in July 2019, he was provided an incomplete copy of Defendants' motion for summary judgment and he does not have access to his legal property. However, as noted in the Court's July 23, 2019, order, Defendants have served two copies of their motion on Plaintiff, and Plaintiff fails to demonstrate that any service of the motion was defective. Further, as stated in the Court's July 23, 2019, order, the Court granted Plaintiff an extension of time to file an opposition in light of the fact that he does not currently have possession of his legal property. In addition, the Court notes that Defendants have advised the Court that prison staff are aware that Plaintiff has not received his legal property from the transferring institution and staff are working to resolve the issue. (Reynolds Decl. ¶ 4; ECF No. 95-1.) Accordingly, Plaintiff's objections to the Court's July 23, 2019, order are overruled, and Plaintiff's opposition to Defendants' motion for summary judgment is presently due on or before August 22, 2019.

IT IS SO ORDERED.

Dated: **August 13, 2019**

UNITED STATES MAGISTRATE JUDGE

2