# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WESLEY WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C. BELL, et al.,<br><br>　　　　Defendants. | Case No. 1:16-cv-01584-LJO-SAB (PC)<br><br>ORDER GRANTING PLAINTIFF'S FOURTH MOTION FOR EXTENSION OF TIME TO FILE AN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, AND DENYING MOTION TO STAY AND REQUEST FOR APPOINTMENT OF COUNSEL<br><br>[ECF No. 104] |

Plaintiff John Wesley Williams is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's fourth motion for an extension of time to file an opposition to Defendants' motion for summary judgment, filed on October 21, 2019. Plaintiff also requests the Court stay the action and appoint him counsel. Defendants filed a response to November 4, 2019.

Plaintiff continues to claim that he does not have access to his legal property to file a response to Defendants' pending motion for summary judgment. (ECF No. 104.) Plaintiff submits that he has been without his property since February 2019. (Id.) Most recently, on August 26, 2019, Plaintiff was transferred from the California Medical Facility Psychiatric Inpatient Program (PIP) to the California Health Care Facility PIP where his property went from eight to six boxes. (Williams Decl. ¶ 6, ECF No. 104.) On August 30, 2019, the PIP treatment team placed Plaintiff on the "priority" list to receive

1

1  property due to legal obligations in this action, however, Plaintiff still has not received his property.
2  (Id.)
3        Defendants submit that the California Health Care Facility (CHCF) has six boxes of Plaintiff's property. (Chen Decl. ¶ 1, ECF No. 108.) Inmates housed on PIP at CHCF generally do not get their property because they are a "treat and return" and are only housed there temporarily. (Chen Decl. ¶ 2.) Accordingly, Defendants do not oppose a further extension of time for Plaintiff to file an opposition to Defendants' motion for summary judgment while he does not have access to his property. <u>However, Defendants are advised that if Plaintiff does not gain access to his property within the time allotted by this order, they may want to facilitate with the institution for Plaintiff to receive access to his legal property in order to efficiently file an opposition or the Court will entertain a request for issuance of subpoenas.</u>

      Defendants do oppose a stay of the action and appointment of counsel. "The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." <u>Clinton v. Jones</u>, 520 U.S. 681, 707 (1997) (citing <u>Landis v. North American Co.</u>, 299 U.S. 248, 254 (1936)). "The proponent of the stay bears the burden of establishing its need." <u>Id.</u> at 708. The following factors shall be considered when determining if a stay is appropriate: (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice, measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." <u>Filtrol Corp. v. Kelleher</u>, 467 F.2d 242, 244 (9th Cir. 1972) (quoting <u>CMAX, Inc. v. Hall</u>, 300 F.2d 268 (9th Cir. 1962). The Court should "balance the length of any stay against the strength of the justification given for it." <u>Young v. I.N.S.</u>, 208 F.3d 1116, 1119 (9th Cir. 2000). Plaintiff has failed to demonstrate that a stay is warranted because there is no showing of hardship or inequity in being required to move forward. See <u>Lockyer v. Mirant Corp.</u>, 398 F.3d 1098, 1109 (9th Cir. 2005).

      In addition, the Court cannot appointment counsel in this action. As Plaintiff was previously advised, he does not have a constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff

pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.") The test is whether exception circumstances exist and here, they do not. There is insufficient evidence before the Court to determine whether Plaintiff is likely to succeed on the merits. Further, Plaintiff is able to articulate his claim and litigate this action. Plaintiff has filed numerous motions, as well as propounded multiple discovery requests. In addition, Plaintiff has litigated several other prior cases and is currently litigating two pending actions. See Williams v. Riley, Case No. 2:16-cv-03002-JAM-DMC & Williams v. Alfaro, Case No. 1:17-cv-01310-AWI-JLT.) Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Accordingly, Plaintiff's motion for the appointment of counsel shall be denied, without prejudice.

///
///
///

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's fourth motion for an extension of time to file an opposition is granted;
2. Plaintiff shall file an opposition within **thirty (30)** days from the date of service;
3. Plaintiff's motion to stay the action is denied; and
4. Plaintiff's request for appointment of counsel is denied, without prejudice.

IT IS SO ORDERED.

Dated: **November 5, 2019**

UNITED STATES MAGISTRATE JUDGE