# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WESLEY WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>C. BELL, et al.,<br><br>    Defendants. | Case No. 1:16-cv-01584-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE AND RETURN OF PROPERTY<br><br>[ECF No. 112] |

Plaintiff John Wesley Williams is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for an order to show cause and return of property, filed November 18, 2019. Defendants filed a response on December 10, 2019. Plaintiff did not file a reply.

## I.

## DISCUSSION

The purpose of a temporary restraining order or a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction [or temporary restraining order] must establish that he is likely to succeed on the merits, that he is likely

1

to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a temporary restraining order or preliminary injunction simply cannot prevail when that motion is unsupported by evidence.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95 102 (1983); Valley Forge Christian Coll. V. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Plaintiff is not entitled to any relief that is not narrowly drawn to correct the violation of his rights at issue in this action. Plaintiff contends that his property is being "unlawfully withheld" at California State Prison-Corcoran. Plaintiff seeks an "order to show cause and return of all legal case files properties associated with this action that are being unlawfully withheld at California State Prison Corcoran (CSPC) where defendants work or reside." (ECF No. 112 at 1.) Plaintiff declares, in pertinent part, the following:

> About April 2018, I was transfer[r]ed from California State Prison Corcoran (CSPC) to Richard J. Donovan (RJD) where I was recorded to have and maintain four box of legal property which consist of legal case files, exhibits, and evidence in pending civil case no. 1:16-cv-01584-LJO-SAB; 1:17-cv-01310-AWI-JLT; 2:16-cv-03002-JAM-DMC; as well as records related to my current criminal conviction and other miscellaneous legal and personal papers, all meticulously stored in individualized plastic bags recycled from prison lunch meals, then placed in recycled court manilla envelopes for safe keep and storage. Each envelope is labeled

by case number and/or brief inscription. In addition to the four legal boxes I am recorded with two box of personal property items which total six (6) boxes.

On or about July 10, 2018, I was summoned from RJD to CSPC to participate in a settlement conference in the instant action before Judge Barbara A. McAuliffe, as well as appear on a criminal case no. 18cm4292 matter in the Kings County Superior Court, and RJD property officials inadvertently forwarded the four legal boxes to CSPC. See Exhibit "A" herein; however, none of such legal property was ever issued to me at CSPC, and upon return to RJD, on August 8, 2018, only three legal boxes had returned from CSPC, see also Exhibit "A"; the fourth arriving a week or so later before returned to me at RJD.

On January 23, 2019, RJD property officer Cowart updated my RJD property card to reflect the six boxes referenced above. See Exhibit "B" herein.

Between January and February 2019, I was heavily engaged in civil discovery in this action, including case no. 2:16-03002-JAM-DMC, which caused an increase in legal property. On February 5, 2019, I was again temporarily transfer[r]ed from RJD to CSPC for court appearance in Kings County Superior Court while the six boxes of legal and personal property referenced was held at RJD.

On about February 15, 2019, CSPC officials manufactured an indecent exposure charge which remanded me to the CSPC indecent exposure program for 90 days, during which time I made countless effort to retrieve the six boxes from RJD while too prosecuting and defending this action, and those referenced, without case file records.

On April 5, 2019, CSPC officer Zapata generated a CDCR 1083, purporting to have inventoried and issued property from RJD, to me on 4-5-19, however, I was held captive in CSPC indecent exposure program from about February 15, 2019, to May 14, 2019, and was "never" issued such property was "never" informed that CSPC had received said property from RJD, and had absolutely no knowledge of such. See Exhibit "C" herein.

In fact, if the Court were to conduct an evidentiary hearing it would be undisputed by mental health progress notes by licensed clinical social worker (LCSW) Edmonds that the unlawful placement and retention in CSPC indecent exposure program without property provoked a series of self injurious behaviors from cutting which prompt referral to psychiatric inpatients program (PIP) for a higher level of mental health care.

On May 14, 2019, when I was transfer[r]ed from CSPC to Salinas Valley State Prison (SVSP) PIP, legal and personal property accumulated at CSPC between 2-5-19, and 5-29-19, while at SVSP PIP.

In July 2019, E. Joe ombudsman came to CMF to interview and inform me that property I had left at RJD totaled eight boxes and was being forwarded to me, see also Exhibit "C"; however, on July 25, 2019, CMF property medical technician assistant (MTA) Knix delivered me the CDCR-1083 dated 4-5-19, where MTA Knix wrote on the left hand side "recevd 7/25/19, set to us 7/25/19," and "31-117" which was my housing at CMF. See also Exhibit "C".

Ombudsman E. Jose July 25, 2019, correspondence which state "I obtained copies of RJD receiving and release RTS mail out logs dated June 4, and June 12, 2019, with evidence of 4 boxes each date being sent to California State Prison-Corcoran for you. 8 total boxes of personal property," is in conflict with the CDCR 1083 generated and signed by CSPC officer Zapata which represent that this same personal property was inventoried and issued to me over a month prior on April 5, 2019. Additionally, the 8 total of property boxes sent from RJD to CSPC combined with two boxes of property accumulated while at CSPC between 2-5-19, and 5-14-19, would total to 10 boxes, yet CMF would only receive a total of 6 boxes from CSPC.

In July-August 2019, I contacted RJD property officer Cowart by CDCR Form-22 for copy of the CDCR-1083's which would verify RJD inventory of property sent to CSPC, however, officer Cowart has not been helpful. See Exhibit "D" herein.

I also filed CDCR 602 appeal's log # CSPC-6-19-05251, concerning CSPC officer Zapata deliberate falsification of the 4-5-19, CDCR-1083, which claimed to have issued me property on 4-5-19, and the intentional withholding of such, and CSPC-8-19-06018, demanding return of legal case files referenced herein, including personal properties. Both appeals are pending while CSPC officials continue malicious and retaliatory deprivation. See also Exhibit "D" herein.

Although defendants have not been directly identified as withholding legal property in dispute, the deprivation itself is occurring at CSPC where defendants work or reside, by CSPC officials imposing the described act(s) which only benefit defendants named in this lawsuit.
This is intentional sabotage by design, and based on the evidence attached in support of this motion it is clear that the court must order defendants to show cause and to return legal case files last tracked to CSPC.

Defendants should further be ordered to produce records for the court to decide the merits of this motion, records to include CDCR 1083's from RJD which correlate with the 8 boxes of personal property ombudsman E. Joe reports were forwarded to CSPC on June 4, and June 12, 2019; and CDCR-1083 from May 14, 2019, when I left CSPC for SVSP PIP, as such records would clearly show a total of 10 property boxes in CSPC possession, and only six of which were forwarded to CMF when MTA Knix received on July 25, 2019.

The Court should also consider imposing sanctions on defendants.

((ECF No. 112 at 2-8.)

Plaintiff fails to meet the standard for injunctive relief. This action concerns violations of Plaintiff's rights under the Eighth Amendment for deliberate indifference. The motion for injunctive relief does not involve the Defendants in this action or the Eighth Amendment claims. Because Plaintiff's motion addresses conduct that is not subject of this civil action, it does not demonstrate either a likelihood of success or a serious question going to the merits of his complaint. Generally,

such unrelated allegations must be pursued through the prison administrative process and then litigated in a separate action. In fact, Defendants have filed a motion for summary judgment which is pending review. Plaintiff has not yet filed an opposition to the motion. On Plaintiff's fourth request for an extension of time, the Court granted Plaintiff until December 5, 2019, to file his opposition. However, as of today's date, he has not filed an opposition. To the extent Plaintiff contends he is unable to oppose Defendants' motion for summary judgment with the allegedly missing four boxes of property, Plaintiff's claim is without merit. Prison records indicate that Plaintiff, who is presently incarcerated at the California Health Care Facility (CHCF), received and signed for five boxes of property, including paperwork and legal property, on October 29, 2019. (Chen Decl. ¶ 2, ECF No. 113.) Plaintiff also has two boxes of property that he is not allowed to have while housed in the Psychiatric Inpatient Program. (Id.) Additionally, Defendants' counsel inquired with Corcoran and was informed that Plaintiff does not have property at Corcoran. (Id. ¶ 3.) Thus, it appears that Plaintiff presently has all of his property. In addition, Plaintiff's motion refers to individuals—various property officers— who are not parties to this action, and the Court cannot issue an order against individuals who are not parties to a suit pending before it. Zepeda v. U.S. I.N.S., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

      Lastly, there is no basis to sanction Defendants. Federal courts have the inherent authority to sanction conduct abusive of the judicial process. Chambers v. NASCO, Inc., 501 U.S. 32, 43-45 (1997). To be sanctionable under the Court's inherent power, the conduct must have constituted, or been tantamount to, bad faith. Roadway Express, Inc. v. Piper, 447 U.S. 752, 767 (1980); Gomez v. Vernon, 255 F.3d 1118, 1134 (9th Cir. 2001); Fink v. Gomez, 239 F.3d 989, 993-94 (9th Cir. 2001). Recklessness, when combined with an additional factor such as frivolousness, harassment, or an improper purpose, may support sanctions, Vernon, 255 F.3d at 1134; Fink, 239 F.3d at 994, but mere negligence or recklessness will not suffice, In re Lehtinen, 564 F.3d 1052, 1058 (9th Cir. 2009). Plaintiff has failed to demonstrate bad faith on the part of any Defendant, and, therefore, his request for sanctions must be denied.

## II.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for an order to show cause and return of property be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __December 23, 2019__

UNITED STATES MAGISTRATE JUDGE