| | |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | EASTERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| JOHN WESLEY WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C. BELL, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:16-cv-01584-NONE-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF<br><br>(Doc. Nos. 112, 114) |

Plaintiff John Wesley Williams, a state prisoner proceeding *pro se*, brought this action under 42 U.S.C. § 1983 for alleged violation of his rights under the Eighth Amendment. (*See* Doc. No. 1.) Plaintiff names as defendants several correctional officers and employees of California State Prison-Corcoran ("Corcoran") and claims that defendants have failed to provide him with adequate mental health treatment for his "cutting" disorder. (*See id.*) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff filed his second motion for preliminary injunction on November 18, 2019, (Doc. Nos. 24, 112)—this time asking for an order to show cause and return of ten boxes of legal documents that defendants and other prison officers who are not part of this action have, according to plaintiff, withheld from him. (Doc. No. 112). Defendants filed a response on December 10. (Doc. No. 113.) On December 23, 2019, the magistrate judge issued findings and recommendation recommending that the motion be denied. On January 23, 2020, plaintiff filed objections to the

1

findings and recommendations. (Doc. No. 116.) Even taking plaintiff's arguments in his objections as true, the court nonetheless agrees with and will adopt the findings and recommendations.

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). Critically, "[a] preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally," but inappropriate on "a matter lying wholly outside the issues in the case." *De Beers Consol. Mines v. United States*, 325 U.S. 212, 217, 220 (1945); *see also Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997) (when "issues underlying the motion for a preliminary injunction differ from the issues raised" in the complaint, the court lacks jurisdiction to grant the requested relief). As the magistrate judge correctly concluded, plaintiff's request for relief from the alleged withholding of ten boxes of documents appears to be completely unrelated to the relief sought by plaintiff in his complaint in which he asserts that he has been denied constitutionally adequate medical treatment. (Doc. No. 114 at 4-5.)

The pending motion also requests that the court exercise jurisdiction it does not presently have. "[A] court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969) (internal citations omitted). As the pending findings and recommendations explain, (Doc. No. 114 at 5), plaintiff claims certain prisoner officials not named in the complaint are withholding his property from him. However, because the court lacks jurisdiction over unnamed parties, the court cannot issue an injunction against them or requiring them to take action.[1] *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983) (a federal court may not issue an injunction or "attempt to determine the rights of persons not before" it).

Nor has plaintiff met his burden of establishing that he is entitled to a preliminary injunction in any event. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of

---

[1] The court notes that it does have jurisdiction over the chief executive officer of Corcoran, who has been named in his official capacity as a defendant. (Doc. No. 1 at ¶ 4).

2

preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20. Because plaintiff has pled no claim concerning the withholding of his property in his complaint, he as necessarily failed to demonstrate that he is likely to succeed on the merits of any claim involving the alleged withholding of his property. Further, the denial of this motion would not cause plaintiff to suffer irreparable harm, for—as the evidence establishes—he has not exhausted the administrative remedies designed for prisoners to exercise to re-acquire his missing property. *See also Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (holding that administrative exhaustion is designed to resolve claims "more quickly and economically in proceedings before an agency" and to create "an incentive for these parties to do what they would otherwise prefer not to do, namely, to give the agency a fair and full opportunity to adjudicate their claims").

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and reasonable analysis. Accordingly,

1. The December 23, 2019 findings and recommendations (Doc. No. 114) are adopted; and
2. Plaintiff's motion for an order to show cause for the return of his property (Doc. No. 112) is DENIED.

IT IS SO ORDERED.

Dated: **February 19, 2020**

UNITED STATES DISTRICT JUDGE