1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOHN WESLEY WILLIAMS,                    No.  1:16-cv-01584-NONE-SAB (PC)

12                    Plaintiff,              ORDER ADOPTING FINDINGS AND
                                             RECOMMENDATIONS
13           v.
                                             (Doc. Nos. 82, 121)
14   C. BELL, *et al.*,

15                    Defendants.

16

17           Plaintiff John Wesley Williams, appearing *pro se* and *in forma pauperis*, brought this civil

18   rights action under 42 U.S.C. § 1983 for violation of his rights under the Eighth Amendment.

19   According to the allegations of his complaint, plaintiff is an inmate receiving mental health

20   treatment at California State Prison-Corcoran (Corcoran).  (Doc. No. 1.)  Plaintiff alleges that

21   defendants chief executive officer (Bell) and three psychologists (Dr. Douglas, Dr. Fischer, and

22   Dr. Harris) at Corcoran, have been deliberately indifferent in treating his mental health issues.

23   (*Id.*)  On April 12, 2019, defendants sought summary judgment in their favor as to plaintiff's

24   claims against them.  (Doc. No. 82.)  After affording plaintiff numerous extensions of time to file

25   an opposition to defendants' motion for summary judgment, with plaintiff ultimately failing to do

26   so, the magistrate judge issued findings and recommendation recommending that defendants'

27   motion for summary judgment be granted.  (Doc. No. 121.)  Plaintiff filed objections on April 20,

28   2020, and defendants responded thereto on April 28, 2020.  (Doc. Nos. 122-23.)  Pursuant to 28

                                             1

1    U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case.

2            In light of plaintiff's failure to file an opposition to the pending motion, the evidence

3    presented by defendants is largely undisputed.[1]  In this regard, there is no dispute that plaintiff

4    needs mental health treatment given his serious medical needs; at issue rather is whether he

5    should have been provided a higher level of medical treatment designed for more seriously ill

6    patients.  (Doc. Nos. 82-3; 121 at 10.)  The magistrate judge considered the evidence presented on

7    summary judgment and the applicable law, concluding that the level of mental health care

8    provided to plaintiff by defendants was reasonable, that plaintiff had not presented evidence

9    meeting the threshold of establishing deliberate indifference, and that under the undisputed

10   evidence some of the named defendants were not involved in decision-making related to

11   plaintiff's treatment.  (Doc. No. 121 at 10-16.)  Having carefully reviewed the entire file, the

12   court finds the pending findings and recommendations to be supported by the record and by

13   proper analysis.

14           The court also finds plaintiff's objections to the pending findings and recommendations to

15   be without merit for the reasons stated in defendants' response.  (Doc. Nos. 122-123.)  Plaintiff

16   objects on the ground that he was unable to oppose defendants' motion for summary judgment

17   due to his asserted lack of access to his legal materials.  However, as explained by defendants'

18   counsel, the record in this case simply fails to support this contention.  (*See* Doc. No. 123 at 2-3.)

19   Plaintiff has had sufficient access to his legal materials and more than ample time to file an

20   opposition to defendants' motion for summary judgment and simply failed to do so despite being

21   granted numerous extensions of time for that purpose.

22   /////

23

---

24   [1]  Although plaintiff did not file an opposition to the pending motion for summary judgment, he
     did file a verified complaint, along with exhibits attached thereto.  The magistrate judge properly
25   construed the complaint as an affidavit under Federal Rule of Civil Procedure 56, insofar as it was
     based on plaintiff's personal knowledge and sets forth specific facts admissible into evidence.
26   (*See* Doc. No. 121 at 10) (citing *Schroeder v. McDonald*, 55 F.3d 454, 460 & nn.10-11 (9th Cir.
27   1995).  However, even so construed, the allegations of plaintiff's complaint failed to raise
     disputed issues of material fact with respect to his claims that are the subject of the pending
28   motion.

Accordingly:

1. The April 8, 2020 findings and recommendations (Doc. No. 121) are adopted in full;

2. Defendants' motion for summary judgment (Doc. No. 82) is granted;

3. The Clerk of Court shall enter judgment in favor of defendants; and

4. The Clerk of Court is directed to assign a district judge to this case for the purpose of closure and then to close the case.

IT IS SO ORDERED.

Dated:   **July 18, 2020**

UNITED STATES DISTRICT JUDGE

3